## TOLBERT *v.* THE STATE.

In view of the evidence there is ground for grave apprehension that the little girl who was assaulted may have been mistaken in identifying the accused as the guilty person. But this was a question for the jury, and the presiding judge having approved the finding, this court is constrained by law to recognize the doubt as having been rightly solved against the prisoner.
October 9, 1893.

Indictment for assault with intent to rape. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1893.

After conviction, defendant moved on the general grounds for a new trial, which was denied, and he excepted. The testimony of the girl alleged to have been assaulted was to the effect that the crime was committed by defendant between two and three o'clock in the afternoon. He introduced four witnesses whose testimony tended to prove an *alibi*. It also appeared that on the second day after the commission of the offence,

he went twice to the house of the girl's mother, and told her he had heard he was accused of the crime, and that he could prove where he was that day. The' girl was absent at his first visit, but was present at the second, and identified him as the man who assaulted her. She was nine years old. One witness testified that he saw defendant about half a block below the house where the assault was said to have occurred, going in the direction of the place where he was located by the proof of the *alibi*, about one o'clock on the same afternoon.

Frank R. Walker, for plaintiff in error.
Charles D. Hill, solicitor-general, *contra.*

Bleckley, Chief Justice.

There is a painful conflict between what we *would* do as men and what we *must* do as magistrates. No doubt can exist that a crime was committed, and that the guilty person ought to be punished. The sole uncertainty relates to the identity of the offender. There was evidence tending to establish an *alibi*, and if this evidence was true, the little girl was probably mistaken in identifying the accused as the person who assaulted her. The record discloses some conflict between herself and her mother as to whether the mother did or did not make a certain remark to her, calculated to shape and influence her testimony at the trial. If the mother did this, the reliability and value of the child's evidence would naturally be considerably impaired. The mother testified she did not make the remark, and the child testified she did make it. As the child, if truthful, must have believed she made it, this belief ought, perhaps, to count for as much against the general weight of the child's evidence as would the remark itself were there no difference between the witnesses concerning it. Taking all the evidence together, we feel, as men, grave apprehension of mistake on the part of the little girl in

this matter of identity. But the question was one exclusively for the jury, and their finding having been approved by the presiding judge, we cannot, as a reviewing court, allow any mere doubts of our own to supersede the verdict. The law, as we understand it, constrains us to recognize the verdict as having solved rightly against the accused all reasonable doubt as to matters of fact involved in his guilt or innocence. There was no error in denying a new trial.

*Judgment affirmed.*