## KIMBROUGH *v.* THE STATE.

1. An indictment which charges the accused with entering a dwelling-house and stealing therefrom valuable goods is, though the word "privately" be omitted, a good indictment under section 178 of the Penal Code. The question as to what punishment, if any, could be lawfully imposed after conviction upon such an indictment, is not now presented for decision.
2. It was, in the trial of a criminal case, error to charge : "The defendant pleads specially an alibi; he has attempted to prove that he was not present at the place where the crime was committed"; nor was this error cured by the addition of an instruction to the effect that if the jury believed the "plea of alibi" to be true they would not be authorized to convict.
3. It is not, in charging upon the difference between positive and negative testimony and explaining the relative value of the one as compared with the other, strictly accurate to state, absolutely and without qualification, that the former is rather to be believed than the latter; this is only true when other things are equal and the witnesses are of equal credibility.

Argued June 21, — Decided July 7, 1897.

Certiorari. Before Judge Littlejohn. Stewart superior court. April term, 1897.

*J. Harrell* and *G. Y. Harrell*, for plaintiff in error.
*F. A. Hooper, solicitor-general*, contra.

Cobb, J.   The indictment under which Kimbrough was convicted of the offense of larceny from the house was as follows: "The grand jurors . . accuse Henry Kimbrough with the offense of larceny from the house; for that the said Henry Kimbrough, ·  . .   unlawfully and with force of arms, the dwelling-house of one Hurley Moses there ˙situate did enter, and having so entered, one waistcoat of the value of four dollars, of the personal goods of one Shepp King in said dwelling-house being then and there found, did wrongfully and fraudulently take and carry away therefrom, with the intent then and there to steal the said coat."   The accused demurred to the indictment, on the ground that it did not allege that the coat was "privately" stolen.   The demurrer was overruled, and he excepted.

1. An indictment under section 179 of the Penal Code, which omitted the word "privately," would be held good after verdict.   *Smith* v. *The State*, 60 *Ga.* 43.   But as the definition of the offense makes privacy a necessary ingredient, it would seem that such an indictment would be held bad on special demurrer.   But however that may be, an indictment which charges the accused with entering a dwelling-house and stealing therefrom valuable goods, is, though the word "privately" be omitted, a good indictment under section 178 of the Penal Code.   Whether there is any punishment prescribed for a violation of this section, is a question not made in this record.

2. The court charged the jury as follows:   "The defendant pleads specially an alibi; he has attempted to prove that he was not present at the place where the crime was committed." While, no doubt, the court did not intend to express any opinion upon the evidence offered by the accused, the language above quoted would necessarily discredit his defense.   The injurious effect of this charge was not remedied by an additional instruction that if the jury believed the "plea of alibi," they were not authorized to convict.

3. It is the general rule that positive testimony is rather to be believed than negative, but with the qualification that other things are equal and the witnesses are of equal credibility.   3 Greenl. Ev. § 375; *Humphries* v. *The State*, 100 *Ga.*

260. It would not do to lay down the broad rule, that as between witnesses those who testify positively to a fact are rather to be believed than those whose testimony is negative. The negative testimony of a witness of good character will always outweigh the positive testimony of a witness shown to be unworthy of belief.

*Judgment reversed. All the Justices concurring.*