## 5171. JENKINS v. THE STATE.

1. This case, on the demurrer, is controlled by the decision of the Supreme Court in *Kimbrough* v. *State*, 101 *Ga.* 583.
2. Section 175 of the Penal Code of 1910 defines larceny from the house, but fails to prescribe a punishment for that offense, and where one indicted under this section of the code is convicted, he can object to the imposition of any sentence upon him, on the ground that this section prescribes no punishment.

DECIDED OCTOBER 29, 1913.

Accusation of misdemeanor; from city court of Elberton—Judge Grogan. August 13, 1913.

The accusation charged Will Jenkins "with the offense of misdemeanor; for that the said Will Jenkins, in said county, on the 24th day of May, 1913, did, with force of arms and unlawfully, enter a certain storeroom of one M. Landau, located on McIntosh street, in Elberton, Georgia, and did then and there two pair of pants, of the value of four dollars per pair and of the personal goods of the said M. Landau, take therefrom and carry away therefrom, with intent to steal the same; contrary to the laws of said State, the good order, peace, and dignity thereof."

*P. P. Proffitt,* for plaintiff in error.

*Boozer Payne, solicitor,* contra.

HILL, C. J. The accusation in this case was of the offense of larceny from the house, and a demurrer was filed thereto, on the ground that it omitted to allege that the property stolen from the house was taken therefrom "privately" by the accused. The demurrer was overruled by the trial judge, he holding that the accusation was good under section 175 of the Penal Code. This judgment is the subject of the first assignment of error. The accused was convicted, and, when called upon by the court to know if he had any reason to offer why sentence should not be pronounced upon him, objected to being sentenced, on the ground that no penalty was prescribed by law for the offense set out and defined in the accusation under which he was tried and convicted. The court overruled this objection and imposed a misdemeanor sentence. To this judgment the defendant excepted, and this exception constitutes the second assignment of error.

1. In *Kimbrough* v. *State*, 101 *Ga.* 583 (29 S. E. 39), it is held that "an indictment which charges the accused with entering

a dwelling-house and stealing therefrom valuable goods is, though the word 'privately' be omitted, a good indictment under section 178 [now 175] of the Penal Code." It is probably this decision which induced the trial judge's ruling. In the body of the opinion in that case it is said that if the indictment were framed under section 179 (now 176) of the Penal Code, and the word "privately" were omitted therefrom, it would seem to be subject to special demurrer on the ground that "the definition of the offense [in that section] makes privacy a necessary ingredient." The Supreme Court seems to have been of the opinion that in these two sections there are two different definitions of larceny from the house. The writer does not concur in this view. In his opinion there is one definition of the offense of larceny from the house,—that contained in section 178 (now 175) of the Penal Code, and the following section prescribes a punishment. Indeed, the codifiers seem to have so construed it, the first section being headed "Larceny from the house," and the second section being headed "Punishment." In my opinion, an allegation in an indictment for larceny from the house that the property was taken and carried away from the house with intent to steal the same is equivalent to the allegation that the defendant took the property privately and with intent to steal. However this may be, this court is bound by the decision of the Supreme Court in *Kimbrough* v. *State,* and under that authority the trial judge properly overruled the demurrer to the indictment, which he held was based on the former of these two sections (Penal Code of 1910, § 175).

2. The objection made to the imposition of the sentence, that the section of the code under which the accusation was framed did not prescribe any punishment for the offense, in view of the ruling in *Kimbrough* v. *State,* supra, seems to be meritorious. Technically speaking, the objection should have been made by motion in arrest of judgment, but any method by which the question raised is clearly presented to the court should be sufficient, and certainly if no punishment was prescribed by the statute on which the accusation was framed, and under which the accused was convicted, this was a legal reason why sentence could not be imposed upon him. Punishment for criminal offenses is prescribed by statute in this State; and if the statute fails to prescribe a penalty, the statute is ineffective, because of that omission. In the *Kimbrough* case, supra, while

it was not expressly held (because the question was not presented), it is strongly intimated in the opinion, that section 178 of the Penal Code (now section 175) does not prescribe any punishment for the offense of larceny from the house. There can be no question as to this, if, as held by the Supreme Court in the *Kimbrough* case, the two sections referred to contain different definitions of larceny from the house. It follows that the court had no authority to impose any sentence for a conviction under section 175.

We suggest, in view of the decision in *Kimbrough* v. *State*, supra, that either section 175 of the Penal Code should be repealed or amended, or the word "privately" in section 176 should be stricken out; and until this is done, indictments or accusations for the offense of larceny from the house, in order that conviction can be followed by punishment, should allege that the property stolen was "privately" taken by the accused from the house.

*Judgment reversed.*