## SMILEY *v.* THE STATE.

HINES, J.    1.    Jack Smiley, Bob Burkett, London Owens, and Emmett (alias Charlie) Smith being jointly indicted for the murder of one A. L. Alligood, a street-car motorman, and Jack Smiley being on trial under said indictment, the court did not err in permitting Rosa Lee Davis, a witness for the State, to testify that, upon being carried by a deputy sheriff from her cell to another room in the jail, where she was confronted with the defendants, she in the presence of such officer and said defendants pointed out London Owens and said: "That is the man that shot the motorman;" that she pointed out Jack Smiley and said: "He is the man that hit him with a coca-cola bottle;" that she pointed out Bob Burkett and said that he was the man who was sitting on the seat of the car; and that the defendants remained silent and said nothing.    The court properly admitted this evidence, over objection of the defendant that it was not binding upon him, was hearsay, and did not amount to an implied admission of guilt on his part; leaving to the jury the weight to be given said testimony, under the principle that "acquiescence or silence when the circumstances require an answer or denial, or other conduct, may amount to an admission." Penal Code, § 1029; *Cobb* v. *State,* 27 *Ga.* 648 (5); *Drumright* v. *State,* 29 *Ga.* 430 (2); *Moye* v. *State,* 66 *Ga.* 740; *Nunn* v. *State,* 143 *Ga.* 451 (2) (85 S. E. 346). There is nothing to the contrary of the above ruling in *Johnson* v. *State,* 151 *Ga.* 21 (105 S. E. 603), in which this court dealt with the weight to be given to, and not the admissibility of, such evidence.

2.    For the same reason, the court did not err in admitting in evidence the testimony of Byrd, a witness for the State, delivered on the former trial of this case, said witness having died since the trial when he delivered the testimony; the facts testified to by him being substantially the same as those set out in the testimony of Rosa Lee Davis, dealt with in the above headnote.

3.    The court did not err in refusing to permit a female witness for the State to answer the question propounded to her by counsel for the defendant upon her cross-examination, seeking to elicit the fact that she was the mother of two bastard children; the rule in this State

being that a woman who is sworn as a witness may be impeached by proof that she is a common prostitute or by general repute that she is a woman of ill fame, but not by specific acts of lewdness. *Camp* v. *State*, 3 *Ga.* 417; *Black* v. *State*, 119 *Ga.* 746 (47 S. E. 370); *Wheeler* v. *State*, 148 Ga. 508 (97 S. E. 408); *Johnson* v. *State*, 61 *Ga.* 305. The right of a defendant to make a thorough and sifting cross-examination of a witness called against him (*Mitchell* v. *State*, 71 *Ga.* 128 (6)) does not authorize his counsel, on cross-examination, to elicit irrelevant facts.

4. The court did not err, for the reasons assigned by the defendant, in charging the jury as follows: "If this defendant was present and participated in an attack upon A. L. Alligood for the purpose of robbing him or for the purpose of killing him, and he had a common purpose with the others present with him at the time to kill Alligood, and another one of the persons who had that kind of common purpose shot and killed Alligood, then this defendant would be as guilty as the person who shot the pistol, if it is true he was killed by this discharge of the pistol. Now that is the law as to the nature of the crime charged up to this defendant." The errors assigned are: (1) that the language, " and he had a common purpose with the others present with him at the time to kill Alligood, and another one of the persons who had that common purpose shot and killed Alligood, then this defendant would be as guilty as the person who shot the pistol, if it is true he was killed by this discharge of the pistol," contains an intimation or expression of opinion by the trial judge as to what had been proved in the case, and contains an assumption by the judge that it had been proved that Alligood had been shot by one of a party who made an attack upon him for the purpose of robbing or killing him, and that Alligood was shot by a pistol; and (2) that said charge was prejudicial to the defendant, in that, though his sole defense was an alibi, it excluded from the jury the defense urged to the jury, that no money was taken from the deceased, that the deceased may have been attacked by only one person, that the motive was other than robbery, and that the killing may have resulted from unknown causes. This instruction was not erroneous for any of the reasons urged.

5. The court charged the jury as follows: " The defendant sets up, among other defenses, the defense of alibi; that is, he attempts to show that he was at some other place at the time that the crime was committed." The defendant excepts to the language, " The defendant sets up, among other defenses, the defense of alibi," on the ground that it was confusing and misleading, because his only defense was that of alibi. He further excepts to the language, " he attempts to show that he was at some other place at the time that the crime was committed," on the grounds, (1) it contains an intimation or expression of opinion by the trial judge that a crime had been committed; and (2) because this language discredits his defense of alibi. *Held:* that this charge, for the latter reason, is erroneous. *Kimbrough* v. *State*, 101 *Ga.* 583 (2) (29 S. E. 39).

6. The court charged the jury as follows: " To impeach a witness is to show that a witness is unworthy of belief, and that may be proved by contradictory statements, if the jury, from hearing that evidence,

believes a witness is unworthy of belief. If you believe from the im-
peaching evidence that the witness is unworthy of belief, then the jury
should set aside that evidence. The same thing is true of impeachment
by any other way, by impeachment of the witness by disproof of the
facts testified to by the witness." The defendant excepts to this charge,
on the grounds (1) that it is not a correct statement of the law, (2)
that the instruction as to impeachment by contradictory statements is
not applicable to impeachment by disproof of the facts testified to by a
witness, and (3) that it was prejudicial to the defendant·in view of the
evidence introduced by the defendant to discredit the principal witness
for the State. It is further insisted, that, the court having undertaken
to charge on the subject of impeachment of witnesses, and having
charged the jury as above set out, it was incumbent upon the court to
give to the jury full and adequate instructions on this subject, and
especially to instruct the jury that if ,a witness swear wilfully and
knowingly falsely his testimony ought to be disregarded entirely, unless
corroborated by circumstances or other unimpeached evidence. *Held:*
The charge complained of, being applicable alone to a witness for the
State and being more favorable to the accused than the full instruction
which he insists should have been given, inasmuch as the ·court instructed
the jury that if they believed from the impeaching evidence that the
witness was unworthy of belief, then they should set aside that evidence,
without telling them that, though a witness swear wilfully and know-
ingly falsely, they could consider his testimony, if corroborated by
circumstances or other unimpeached evidence, whether abstractly correct
or whether as full and complete as it should be, affords the defendant
no just cause of complaint. *McCoy* v. *State*, 15 *Ga.* 205 (2) ; *Howie* v.
*State*, 114 *Ga.* 19 (5) (39 S. E. 944).

7. The court charged the jury as follows: " Now, gentlemen, the defendant
in this case contends that one of these witnesses, to wit, Bob Burkett, is
shown by the evidence to be an accomplice in this case with this de-
fendant in the offense charged in this indictment, that is one who with a
common purpose co-operated and took part with the defendant, accord-
ing to his own evidence or according to evidence introduced. That is,
without admitting that the defendant is guilty, the defendant contends
that this witness, Bob Burkett, is an accomplice with whoever committed
the crime, because he was present taking part in the crime." Defendant
excepts to this charge, on the grounds: (1) because it did not accurately
state his contentions, and (2) because it misstated his contentions.
The trial judge certifies that the defendant did not contend that Bob
Burkett was shown by the evidence to be an accomplice in this case
with him; that his counsel did not so contend; that defendant con-
tended he was not present at the killing of deceased, that he knew
nothing about it, and did not contend, admit, or concede that Burkett
was present at the killing or was an accomplice with the one committing
the crime; but his counsel argued to the jury that, if they thought
otherwise and believed that Bob Burkett was present at the killing,
from his testimony the jury would be authorized to find that Bob
Burkett was an accomplice with the person committing the crime; and

counsel for defendant requested the court to charge upon the law as to the necessity for the corroboration of testimony of an accomplice. *Held:*

(*a*) When the court undertook to state to the jury the contention of defendant, the defendant had the right to have it submitted correctly; and when the court deprived defendant of this right, reversible error was committed. *Garland* v. *State*, 124 *Ga.* 832 (2), 834 (53 S. E. 314); *Hightower* v. *Ansley*, 126 *Ga.* 8 (6) (54 S. E. 939, 7 Ann. Cas. 927).

(*b*) To instruct the jury that the defendant contends that one of the witnesses for the State was shown by the evidence to be an accomplice with him in the offense charged in the indictment, that is, one who with a common purpose co-operated and took part with him according to his own evidence or according to the evidence introduced, put the defendant in the attitude of making an inculpatory statement which was extremely harmful and prejudicial to him; and when he made no such contention, such instruction requires the grant of a new trial.

(*c*) Such error was not cured by the further instruction that, without admitting that he was guilty, the defendant contends that this witness is an accomplice with the person committing the crime, he being present and taking part in its commission.

*Judgment reversed. All the Justices concur, Russell, C. J., and Atkinson, J., specially.*

No. 3744. July 12, 1923.

Indictment for murder. Before Judge Mathews. Bibb superior court. March 30, 1923.

*Clements & Clements,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.