## LATIMER *v.* THE STATE.

No. 12915. September 16, 1939.

*A. Felton Jenkins* and *Park & Park,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, C. S. Baldwin Jr., solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

BELL, Justice. The defendant, a man twenty-two years of age, was convicted of the offense of rape upon a nine-year girl. He was recommended to the mercy of the court, and sentenced to ten years in the penitentiary. His motion for a new trial was overruled, and he excepted.

The court refused to permit the defendant's attorney to ask the girl, on cross-examination, whether on a previous occasion she had tried to get another man, or boy, named, "to have such relationship with her." The disallowance of the question is assigned as error in the first special ground of the motion for new trial. The witness had testified that the defendant did "something terrible" to her, but she did not know what it was. It is contended that the question was permissible for the purpose of impeaching the girl's statement as to knowledge of such a matter, and as bearing upon her credibility. The court did not err in the ruling stated. The witness described acts of the defendant, which, if done, constituted the offense of rape. If the sexual act was in fact committed, the offense was rape, regardless of the girl's knowledge or experience, and regardless of consent, she being, because of her age, incapable of consenting. Ga. L. 1918, p. 259; Code, §§ 26-1303-4; *Gosha* v. *State,* 56 *Ga.* 36; *Echols* v. *State,* 153 *Ga.* 857 (113 S. E. 170); *Holland* v. *State,* 161 *Ga.* 492 (131 S. E. 503). Accordingly, the mere question of consent was immaterial. Whether or not in such a case the chastity of the female could become material in relation to her credibility, the proposed interrogation was not admissible even upon this theory, the law being that on a trial for rape the female can not be impeached by examination as to particular instances of unchastity. *Black* v. *State,* 119 *Ga.* 746 (47 S. E. 370); *Wheeler* v. *State,* 148 *Ga.* 508 (97 S. E. 408); *Towns* v. *State,* 149 *Ga.* 613 (3) (101 S. E. 678); *Walker* v. *State,* 151 *Ga.* 341 (2) (106 S. E. 547); *Smiley* v. *State,* 156 *Ga.* 60 (3) (118 S. E. 713); *Byrd* v. *State,* 187 *Ga.* 329 (5) (200 S. E. 671). In what has just been said, however, no ruling is in-

tended as to whether evidence of general reputation for unchastity would be admissible as affecting the credibility of one of such age. See *Seals* v. *State*, 114 *Ga*. 518 (40 S. E. 731, 88 Am. St. R. 31).

■ In the second special ground error was assigned upon a charge relating to circumstantial evidence, the contention being that direct evidence only was introduced. There is no merit in this ground. Some evidence, it seems, was circumstantial in nature; but even if not, the charge "was not injurious to the accused, as it gave a rule more favorable than he could claim." *Smith* v. *State*, 140 *Ga*. 791 (79 S. E. 1127); *Middleton* v. *State*, 7 *Ga. App*. 1 (66 S. E. 22). The statement to the contrary in *Bivins* v. *State*, 5 *Ga. App*. 434 (63 S. E. 523), was obiter.

■ In the third special ground, the movant complained of a charge to the effect that if the jury believed beyond a reasonable doubt that the defendant committed the offense alleged in the indictment, it would be their duty to convict him; the error assigned being that this charge omitted all reference to evidence, and failed to state that if the jury believed the defendant guilty beyond a reasonable doubt *from the evidence in the case*, it would be their duty to convict him. From the charge as a whole it was clear that any belief as to guilt must be based upon evidence, and the jury could not have been misled into convicting the defendant upon something outside. See *Sumner* v. *State*, 109 *Ga*. 142 (2) (34 S. E. 293); *Smith* v. *State*, 52 *Ga. App*. 88, 92 (9) (182 S. E. 816).

■ In the fourth and last special ground error was assigned upon the failure of the court to charge on the subject of alibi. The place of the alleged offense was near a road, and was obscured by vines and bushes. The female alleged to have been raped was walking along this road toward her home, and met the defendant who was going in the opposite direction. She testified that the defendant picked her up, put his hand over her mouth, and took her "down the side of the road," and kept her there for about fifteen minutes. A sister of the accused testified that she saw the defendant just before he met the girl, and that he was out of her sight only a minute or two. The second time she saw him, he had passed the girl and the place of the alleged crime. This is the only evidence upon which it is contended that a charge on alibi should have been given. "Alibi, as a defense, involves the impossibility of

the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code, § 38-122. The testimony merely contradicted the evidence of the girl as to the length of the time she and the defendant were together, and was insufficient to show impossibility of the defendant's presence at the scene of the alleged offense at the time of its commission. Accordingly, the court did not err in not charging on the subject of alibi. *Williams* v. *State,* 123 *Ga.* 138 (3-4) (51 S. E. 322) ; *Jackson* v. *State,* 172 *Ga.* 575 (3) (158 S. E. 289) ; *Lucas* v. *State,* 48 *Ga. App.* 42, 45 (171 S. E. 850).

The evidence authorized the verdict. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*