30893. SPIKES *v.* THE STATE.

DECIDED JUNE 13, 1945.

*Grady Gillon,* for plaintiff in error.

*Charles H. Garrett, solicitor-general, Norman E. English,* contra.

GARDNER, J. ▮ As to the general grounds, since the case is to go back for another trial we will not discuss the facts except to say that under the present record manslaughter is not involved.

▮ Special grounds 1 and 2 assign error on the charge of the court as related to manslaughter and stabbing. Since the record before us does not involve this question, any errors in the court's charge on those offenses were inconsequential and harmless to the accused.

▮ Special ground 3 assigns error because the court in his charge concerning the defendant's statement used this expression: "The defendant in his statement has *undertaken* to put his character in issue." The defendant introduced no testimony and relied on his statement. Webster's New International Dictionary (2d ed.), is authority that "undertake" is synonymous with "attempt." This court in *Garcia S-en C.* v. *Taggart Coal Co., 27 Ga. App.* 204, 219 (108 S. E. 72), though in a civil case, ruled that the two words are synonymous. The Supreme Court in *Kimbrough* v. *State, 101 Ga.* 583 (2) (29 S. E. 39), said: "It was, in the trial of a criminal case, error to charge: 'The defendant pleads specially an alibi; he has attempted to prove that he was not present at the place where the crime was committed;' nor was this error cured by the addition of an instruction to the effect that if the jury believed the 'plea of alibi' to be true they would not be authorized to convict." To the same effect see *Miles* v. *State, 93 Ga.* 117 (19 S. E. 805, 44 Am. St. R. 140). In the instant case the defendant did not merely undertake or attempt or try to put his character in issue, but he did so effectually and absolutely. If it be reversible error to state that the defendant has undertaken or attempted to establish an alibi, it necessarily would seem to follow that it is reversible error for the court to charge to the jury that the defendant has undertaken or attempted to put his character in issue. We can distinguish no difference between the two situations. The court committed reversible error under the assignment in this ground.

4. The 4th special ground assigns error on the charge of the court in giving to the jury the principle of reasonable fears as set forth in the Code, § 26-1012. The court said "a bare fear

of any of those offenses to prevent which the attack by the defendant is alleged to have been committed." The Code section referred to is designed to apply to a homicide, but is applicable to, and may properly be adjusted to a charge of assault with intent to murder by substituting in the place of homicide the word *attack*. In our opinion it would be more accurate in adjusting the words of the section to an assault-with-intent-to-murder charge to omit the words "by the defendant." It may in some cases be construed as the court expressing an opinion that the attack as alleged in the indictment was made by the defendant. In this particular case the defendant denied that he made any attack. Since the case is to be returned for a rehearing, no doubt the wording used in the charge before us will not be used again. Therefore we will not determine whether under the facts of this case this alone would have amounted to reversible error.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*