BROWN *r*. THE STATE.

No. 15553. SEPTEMBER 7, 1946.

314

*J. P. Knight, Jack Knight,* and *Smith & Kelley,* for plaintiff in error.

*Eugene Cook, Attorney-General, H. W. Nelson, Solicitor-General, S. B. McCall,* and *Roscoe Thompson, Assistant Attorney-General,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ Since under the undisputed evidence the prosecutrix was under 14 years of age at the time of the alleged crime and incapable, under our law, of consenting to the sexual act, the only question for the jury's decision was whether the act charged was committed by the defendant. The circumstantial evidence and the testimony of witnesses corroborated the prosecutrix, and the evidence amply authorized the verdict.

■ The amended ground of the motion for new trial sets out the testimony of W. H. Outler, who stated that the reputation of Carolyn Renfroe, the prosecutrix, for sobriety and chastity was good in the community in which she lived. The movant shows that thereafter he offered for submission to the jury the evidence of three witnesses, Ellen Noles, Sam Camp, and Albert Brown. The testimony of Ellen Noles was to the effect that she worked at Pine Grove Camp near Tifton; that Carolyn Renfroe came there two or three times; that she would drink wine, and would drink with the crowd that she was with; that there was a bunch of them and they would come there, would get what she considered drunk, and then go outside and get in cars; and that Carolyn "got full." Sam Camp testified that he saw Carolyn Renfroe at a dance at the Legion Hut in Adel, and that he saw her take one drink of whisky there. Albert Brown testified that he saw Carolyn Renfroe at the Old Plantation dance and he saw her take a drink of beer there.

The movant states that the evidence of the three witnesses was offered by him to impeach and discredit the evidence of the witness Outler. The court sustained the objection of the solicitor-general, that the testimony was inadmissible to discredit the reputation of Carolyn Renfroe by giving specific instances of drinking, and the evidence was excluded from the consideration of the jury. The movant claims that the evidence was admissible for the purpose of discrediting and impeaching the general reputation of Carolyn Renfroe as to her sobriety and chastity, and for the purpose of discounting and reflecting upon her credibility as a witness, and that its exclusion was prejudicial to his rights.

None of the witnesses whose testimony was excluded undertook to reflect on the reputation of Carolyn Renfroe as to chastity, and their testimony could not have impeached the testimony of the witness Outler that her reputation as to chastity in the community was good.

The contention that the evidence was admissible for the purpose of discrediting and impeaching the general reputation of Carolyn Renfroe as to her sobriety and chastity, and for the purpose of discounting and reflecting upon her credibility as a witness, is not well founded. The Code, § 38-1804, declares: "A witness may be impeached by evidence as to his general bad character. . . The particular transactions, or the opinions of single individuals, shall

not be inquired of on either side, except upon cross-examination in seeking for the extent and foundation of the witness' knowledge." In *Andrews* v. *State,* 118 *Ga.* 3 (43 S. E. 852), where it was held that in a trial for murder the general character of the deceased for turbulence and violence may be shown, but specific acts are inadmissible, the court stated the reason for such inadmissibility in the following language: "The general character of the deceased for turbulence or violence can be shown by his neighbors generally; the State and the accused alike are put on notice that such general character may become an issue in the trial. But no one was bound to anticipate that the specific instance inquired about would be made the subject of investigation. A specific act does not necessarily tend to establish one's general character. The single transaction may have been exceptional, unusual, and not characteristic of the deceased."

Even in cases where the female alleged to have been raped is of the age of consent and where her testimony is sought to be impeached by proof of bad repute as to lewdness, evidence of specific acts of unchastity are not admissible. *Black* v. *State,* 119 *Ga.* 746 (47 S. E. 370); *Wheeler* v. *State,* 148 *Ga.* 508 (97 S. E. 408); *Latimer* v. *State,* 188 *Ga.* 776 (4 S. E. 2d, 631)..

Testimony as to specific instances of the drinking of alcoholic beverages by the prosecutrix was inadmissible to impeach her testimony as to the charge against the defendant. Nor would evidence of specific instances of the prosecutrix drinking some alcoholic beverage be admissible to impeach the witness who testified that her reputation for sobriety was good. The evidence was properly excluded.     *Judgment affirmed. All the Justices concur.*