## ROBINSON *v.* THE STATE.

HAWKINS, Justice. Aaron Robinson was convicted in DeKalb Superior Court of rape, with a recommendation of mercy, and his sentence was fixed at from 15 to 20 years in the penitentiary. To the judgment overruling his amended motion for a new trial he excepts.

1. What purports to be a brief of the evidence, which has been agreed to by counsel and approved by the trial judge, consists of 369 pages. With the exception of approximately 31 pages of the 369, every page includes either motions to rule out evidence, objections to the introduction of evidence, motions for mistrial, rulings of the court in passing upon various objections and motions, colloquies between counsel and between counsel and the court, arguments of counsel upon objections to the admission of evidence, evidence which was excluded by the court, and various other irrelevant matters. There has been no bona fide attempt whatever to comply with the requirements of Code § 70-305, and this court will, therefore, not pass upon any assignment of error in the determination of which reference must be had to the so-called brief of evidence. *Murray* v. *Davidson,* 174 *Ga.* 213, 218 (162 S. E. 526); *Allen* v. *E. Mason Roberts Enterprises,* 181 *Ga.* 99 (181 S. E. 578); *Turner* v. *Turner,* 205 *Ga.* 578 (54 S. E. 2d, 410). Accordingly, the general grounds of the motion for new trial, ground 4, which is an amplification of the general grounds, and grounds 5, 15, and 18, all of which require reference to the brief of evidence, will not be considered.

2. The trial having lasted several days, the fact that the trial judge left and went to his residence in an adjoining county to spend the night only when the court recessed for the night would not render the trial null and void. *Bronner* v. *Williams,* 147 *Ga.* 389 (94 S. E. 250). See also *Malcom Brothers* v. *Pollock,* 181 *Ga.* 687 (183 S. E. 917). Nor is it required by the Constitution of this State or by any statute that the clerk of the superior court or his deputy shall be present in the courtroom every moment during the trial of a capital offense in order to constitute a valid court; and it is no ground for mistrial that the clerk and his deputy were momentarily absent from the courtroom, but in the courthouse and in attendance upon another division of the court, when counsel for the defendant called for some record in their keeping, it not being made to appear that the record was not made available

during the progress of the trial. Grounds 6 and 7 of the motion are without merit.

3. Ground 8 of the motion for new trial—assigning error on the overruling of an objection by the defendant's counsel to the testimony of the alleged injured female as to her acts immediately following the alleged rape in going to the home of a neighbor, about her being nervous, the neighbor giving her a dose of medicine, taking her to a grocery store in an automobile and calling the police, upon the grounds that the testimony was irrelevant, immaterial, inadmissible, and hearsay—is without merit, as are also grounds 9 and 10, which complain of the overruling of an objection to the testimony of this neighbor that the alleged injured female stated to her immediately after the alleged offense that "a negro just raped her." It is permissible in such a case to prove that the female claimed that she had been ravished, and the fact that she did not in this complaint name the defendant on trial does not render the testimony inadmissible, as contended by counsel for the defendant. Had she done so, evidence to that effect would not have been admissible. *Lowe* v. *State,* 97 *Ga.* 792 (25 S. E. 676); *Thomas* v. *State,* 144 *Ga.* 298, 302 (87 S. E. 8).

4. While proper proof that a witness has been convicted of a crime involving moral turpitude may be considered in determining his credibility (*Powell* v. *State,* 122 *Ga.* 571, 50 S. E. 369; *Beach* v. *State,* 138 *Ga.* 265, 75 S. E. 139; *Woodward* v. *State,* 197 *Ga.* 60 (8), 28 S. E. 2d, 480), and while identity of names is presumptive evidence of identity of persons (Code, § 38-304; *Hart* v. *Mount,* 196 *Ga.* 452, 26 S. E. 2d, 453)—this presumption is not conclusive (*Shuler* v. *State,* 125 *Ga.* 778, 54 S. E. 689); and where, as here, a certified copy of an indictment, verdict of guilty, and sentence of the court in a case involving moral turpitude, which contained the same name as that of the witness sought to be impeached, is offered for the purpose of impeaching the witness, and the witness testifies positively and unequivocally under oath that he was never indicted, tried, convicted, or sentenced for the offense therein charged in the county from which the certified record comes, the presumption arising solely from the identity of names is overcome, and the burden is shifted to the one offering the record to show that the person therein named and the witness sought to be impeached are one and the same person before such certified record would be admissible. Accordingly, the trial court did not err in excluding the record of conviction as complained of in ground 11 of the motion for a new trial. And since the name of the witness and the name of the defendant shown by the certified record of conviction referred to in ground 12 of the motion for new trial were not identical, and there was no other evidence tending to identify the witness sought to be impeached as being the same person referred to in the record of conviction offered, the trial court did not err in excluding it.

5. While a woman sworn as a witness to prove a rape alleged to have been committed upon her may be impeached by bad repute as to lewdness (*Wheeler* v. *State,* 148 *Ga.* 508 (1), 97 S. E. 408), proof of specific instances, after the commission of the alleged offense, that the woman was seen in the company of and attending dances with men other than

**652**

her husband is inadmissible, and the trial court did not err in excluding the evidence referred to in grounds 13 and 14 of the motion for a new trial. *Black* v. *State*, 119 *Ga.* 746 (47 S. E. 370); *Smiley* v. *State*, 156 *Ga.* 60 (3) (118 S. E. 713); *Andrews* v. *State*, 196 *Ga.* 84 (5) (26 S. E. 2d, 263); *Brown* v. *State*, 201 *Ga.* 313 (2) (39 S. E. 2d, 693); *Teague* v. *State*, 208 *Ga.* 459 (67 S. E. 2d, 467).

6. It was not error, as complained of in ground 17 of the motion for a new trial, to admit the testimony of the police officer as to the condition of the ground at the scene of the alleged offense as observed by him upon examination, over the objection that it was "immaterial, irrelevant, hearsay, incriminatory, self-serving, and inadmissible." *Harris* v. *State*, 155 *Ga.* 405 (8) (117 S. E. 460); *Dorsey* v. *State*, 204 *Ga.* 345 (1), 347 (49 S. E. 2d, 886).

7. The indictment in this case alleged the commission of the offense on November 15, 1951, and in reading the indictment to the jury the trial judge read the date as November 5, 1951. The motion for new trial shows the date of the alleged offense as August 27, 1951, and that there was no evidence as to its commission on any other date. Under these circumstances, and after reading the indictment to the jury, it was not erroneous, for any reason assigned, for the court to further instruct the jury that the burden was upon the State to prove all of the material allegations in the indictment, and that all of the allegations of the indictment were material "with the exception of the bare date upon which the alleged offense is charged to·have been committed. Now, so far as the date is concerned, gentlemen, it would not be necessary that the State should prove that the alleged offense was committed on the exact date as charged in this indictment, but if the State should otherwise prove the case as charged, so far as the date is concerned, it would be sufficient if the alleged offense should be proved to have been committed at any time within 7 years before this indictment was returned by the grand jury." Code, § 27-601; *Clarke* v. *State*, 90 *Ga.* 448 (2) (16 S. E. 96); *Jackson* v. *State*, 180 *Ga.* 241 (1) (178 S. E. 653). Grounds 19 and 20 of the motion for a new trial are without merit.

8. Grounds 21 through 34 seek to assign error upon various excerpts from the charge of the court, and upon the failure to give in charge to the jury certain principles of law set out in some of these grounds without any written request therefor. There is nothing novel, new, or unusual in any of these grounds of the motion, except their verbosity, and the far-fetched and illogical reasons asserted in some of them as to why the charges complained of and the failures to charge are erroneous, and the reference therein to various provisions of the State and Federal Constitutions which are in nowise involved or applicable to the questions sought to be raised. Every ground has been carefully considered in the light of the very able and comprehensive charge of the court as a whole, and, where these grounds are sufficient to raise any question for decision, they are without merit.

9. The trial judge did not err in overruling the motion for a new trial. *Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18131. Submitted February 10, 1953—Decided February 24, 1953—
Rehearing denied March 10, 1953.

*Jesse T. Edwards, Bruce Edwards* and *Joe R. Edwards,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Eugene Cook, Attorney-General,* and *Rubye G. Jackson,* contra.