JESSE MCLENDON, plaintiff in error, *vs.* FRANCIS A. FROST, defendant in error.

1. Refusal, on oral demurrer or motion, to strike a part of the plaintiff's cause of action as barred by the statute of limitations, is no cause for new trial, where the statute is pleaded, and where the charge of the court and the verdict of the jury are with the plea.   No harm is done.

2. After the parties have announced ready for trial, it is too late for one of them to move for the appointment of an auditor, without showing some good excuse for not making the motion earlier.   In this case the excuse shown was not sufficient.

3. When the plaintiff amends his declaration, the court is not obliged to put him upon terms, or to exact the payment of costs.

(*a*) When the examination of a witness is apparently more minute than necessary, the court may inquire of counsel why the examination should proceed in that way; and, in doing so, may state what is admitted by the party, and what appears upon the face of certain writings to which the examination relates.

McLendon *vs.* Frost.

(*b*) When accounts are in evidence, and they are pertinent otherwise than as mere memoranda used by the witnesses to refresh their memory, it is not error to refuse to rule them out except as such memoranda. They should stay in, if at all, for all purposes which they may legally subserve.

(*c*) When the suit is on notes and a set-off is pleaded, the plaintiff may show he has paid the debt claimed in the set-off; and the judge may state this rule of law in the hearing of the jury.

(*d*) The court should not remark in the hearing of the jury that evidence had been admitted *ex gratia*, rather than by the strict rules of law; but so doing is not *necessarily* cause for new trial, the remark not being addressed to the jury, nor amounting to an intimation of opinion as to what had or had not been proved.

4. When, on the third day of the trial, a motion is made for continuance, two hours and a half is not too short a time to allow for completing the showing.

(*a*) Refusing the continuance, was not error.

(*b*) The second refusal to refer to an auditor was not error.

5. When there is positive evidence of a fact, the admission of cumulative evidence, even if it be not strictly legal, is not generally cause for new trial.

6. Evidence that no goods were sold without authority, written or verbal, from the party, is pertinent, when the items are numerous, and when some of them are supported by written orders and others not.

7. The defendant's sworn plea may, in argument, be commented on as a sworn statement, and may be compared with his testimony to disparage it.

8. When, at ten o'clock at night, there is a tired juror, the court and the counsel may confer in his presence and hearing, on the question of adjourning until the next day, and speak of the length of time that will be needed, and which can be allowed for concluding the trial, and of the opportunity for condensing which the adjournment will afford. And it is not error for the court to adjourn when counsel consent, and when the arrangement agreed upon, as to time, is satisfactory to all concerned.

9. When usury is in question and the plaintiff's counsel, during the trial, offers to take ten per cent., it is not error for the judge to inquire of the defendant's counsel if that rate is satisfactory.

10. When argument is properly interrupted to correct an erroneous statement of fact, and a paper not at hand is needed to settle the point in dispute, time to search for the paper or to establish a copy may be denied. If counsel having the floor exclaim (in the way too frequently practiced) "The shoe pinches," and adverse counsel complain of it as improper, and show, by producing the lost paper, that the statement giving occasion to the interruption was, in fact, erroneous, the court may answer: "Well, you have now stated it your way; he has passed from it; let the argument go on." What is best to be done or said, under such circumstances, must, in the nature of things, be subject to discretion.

11. A sworn plea is an admission, by the party, of the matter of fact which it asserts; and when his testimony, as given in on the trial, conflicts

with it, the circumstance may be remarked upon to the jury, in argument, as affecting his credit.

12. When the whole charge of the court is excepted to, the exception will not be sustained unless the whole charge is wrong. If the object. be to reach defects or imperfections in particular parts, they must be pointed out.

13. The creditor, in applying a payment not applied by the debtor, may credit it on a just and valid demand, whether the correctness of such demand be assented to by the debtor or not.

(*a*) To deprive the creditor of a right to apply certain payments, because "it was the known reasonable expectation or understanding that a settlement would afterwards take place, at which time the credits would be placed, and not till then," such a theory must distinctly appear in the evidence.

14. After the creditor has exercised his legal right of applying payments, the jury will not apply them differently.

15. Where the evidence makes a case of sales wholly on the authority, written or verbal, of the defendant, and wholly on his credit, from first to last, he is an original debtor, and the law of promise to answer for the debt, default or miscarriage of another, is not applicable.

16. Where payments have been applied and bills rendered, showing both debits and credits, the debtor may acquiesce, and be bound by his acquiescence, even though he did not previously fully know, understand and assent to each account.

17. When the court has properly refused a request to charge, a second request, substantially the same as the former, should be refused also.

18. That a debt was just and that payments were rightfully applied to it, may appear without showing all the particular items of merchandise sold and delivered.

(*a*) It is the better practice not to read aloud to the jury a request to charge which the court intends to refuse.

19. This court has not been made to know that the verdict was contrary to the charge of the court touching bank account and interest, or contrary to law or equity, or excessive in amount, or contrary to evidence.

20. There was no error in the arrangement made for receiving the verdict, or in receiving it with a judge on the bench who did not preside at the trial, or in requiring the jury to separate principal and interest.

21. No material error appears to have been committed as to matters not specifically noticed above.

New trial. Auditor. Practice in the Superior Court. Amendment. Witness. Evidence. Continuance. Pleadings. Jury. Usury. Admissions. Charge of court. Practice in the Supreme Court. Appropriation of payments. Debtor and creditor. Before Judge CRAWFORD. Troup Superior Court. November Term, 1875.

McLendon *vs.* Frost.

On April 27th, 1875, Frost brought complaint against McLendon on the following obligations:

Due-bill for $1,000 00, dated September 30th, 1865.

Due-bill for $654 61, dated May 26th, 1870, with credits thereon amounting to $178 60.

Promissory note, dated April 26th, 1873, due one day after date, for $638 82, with credit thereon of $200 00.

Promissory note, dated December 16th, 1871, due at one year, for $1,576 25.

The defendant pleaded the statute of limitations as against the first due-bill, the general issue, payment and set-off, as against the other obligations.

After both parties had announced ready, the defendant moved to refer the case to an auditor, as it involved long and complicated accounts which could not well be passed upon by a jury. The court overruled the motion, holding that it should have been made at the first term, or in vacation, in time for the auditor to have examined and reported; that to allow the motion then would be to delay the plaintiff for six months. To this ruling the defendant excepted.

The defendant then demurred to the plaintiff's declaration, so far as it was based upon the first due-bill above set forth, upon the ground that suit thereon was barred by the statute of limitations. This defense was also set up by plea, and was sustained by the charge of the court and the verdict of the jury. The motion was overruled, and the defendant excepted.

When the plaintiff offered in evidence the two notes, defendant objected to the same upon the ground, it is inferred, that there was a variance between the notes as declared upon and as tendered. On the second due-bill above set forth, when tendered, the credits appeared to be $198 40. This objection resulted in the plaintiff's being compelled to amend his declaration. Defendant then asked that the plaintiff be required to pay the costs, and it is inferred that the request was also made that he be required to consent to a continuance. These requests the court refused, stating that if defendant desired a

continuance he could show how he was less prepared for trial by reason of the amendment. To this ruling defendant excepted.

Defendant relied upon certain cotton which he had delivered to plaintiff at various times, some on sales to him and some to be sold, and the proceeds applied to his indebtedness to plaintiff. When he was upon the stand as a witness, counsel for plaintiff was examining him minutely as to each cotton bill, when the court inquired of counsel as to the necessity of such an extended examination, when defendant admitted, and the bills showed, that the various lots of cotton inquired about had been credited to the account of defendant. The court simply stated what was admitted, and what the cotton bills showed on their face. To this remark the defendant excepted.

Whilst a witness by the name of Forbes was testifying that he had been the clerk of plaintiff, and had exhibited the various accounts for cotton sold to plaintiff by defendant, and also showing various charges against defendant, to defendant, and he had expressed himself satisfied therewith, counsel for plaintiff asked the court if these various accounts were in evidence. The court stated that they had been presented by defendant, and that he had been examined as to their correctness at great length, and that they were so "presented, considered and examined" without any objection; that hence they had been allowed and considered in evidence. The defendant then moved to rule out the said accounts for all purposes except as memoranda from which the witnesses refreshed their minds in testifying. This motion the court overruled, and the defendant excepted.

In making the aforesaid ruling the court stated that if the plaintiff sued on notes and defendant pleaded as set-off a counter-claim of a larger amount, the plaintiff could show\ that he had paid such demand. That defendant had been allowed, *ex gratia*, rather than by the strict rules of law, to show that said claims (supposed to refer to accounts in favor

McLendon *vs.* Frost.

of plaintiff) were incorrect and erroneous.    To these remarks the defendant excepted.*

On the third day of the trial, the defendant moved for a continuance upon the ground that the case had taken a direction not anticipated by him, in this, that he had supposed the only issues to be whether defendant was indebted to the plaintiff or the plaintiff to the defendant, on the notes sued on and the counter-claims pleaded; that it now appeared that plaintiff's books showed that these counter-claims had been paid, or that the defendant had already received credit for the amounts thereof, if such books spoke the truth, and it became necessary to attack the correctness of such books, thus changing materially the issue, rendering a lengthy investigation of accounts necessary, and the production of testimony not then at hand.    The court allowed the defendant two hours and a half in which to prepare the showing.    To the time allowed defendant excepted.

The motion to continue was overruled, and the defendant excepted.

The defendant then again moved to refer the case to an auditor.    The motion was refused, and the defendant excepted.

The plaintiff offered in evidence a receipt of Callaway & Whitfield, showing payment to them by plaintiff of $75 00 on account of defendant.    Also, an agreement between defendant and one Culbertson as to the disposition of certain cotton therein referred to, which was in possession of plaintiff, and against which certain legal proceedings had been instituted.    On the back of this agreement was an entry to the effect that the proceeds of such cotton, amounting to $381 50, had been paid to defendant, signed "Thomas Davis, L. C."  It was objected that these papers did not show that the defendant ever received the moneys therein referred to.    As there was other positive evidence to the effect that the defendant received the benefit of these moneys, the court overruled the objection.

*The bill of exceptions and record are so obscure on this branch of the case, that the reporter is unable to give a clearer statement of the facts on which the ruling was based.

Many of the charges in plaintiff's account against defendant were based on sales made to the tenants of the latter. The defendant denied the right of plaintiff to charge such goods to him. The plaintiff showed by his clerks that he never sold any goods to defendant or his tenants, without defendant's authority, either written or verbal. To this evidence the defendant objected. The objection was overruled, and the defendant excepted.

The court allowed counsel for plaintiff to compare, in argument, the statements in defendant's plea, which was sworn to, with his testimony, to the disparagement of the latter. To this the defendant objected.

At the conclusion of the opening argument for the plaintiff, at about ten o'clock, P. M., one of the jury complained of being tired. The court said that they must go through that night if possible, and (addressing counsel) "we have four hours to go on until two o'clock, but I have no right to ask counsel to agree." Plaintiff's counsel said he thought he would not take more than one hour. The court said that if defendant's counsel would not take more than three hours, it would be able to adjourn over to next day. Defendant's counsel said he did not think he would consume that much time; that, with preparation, he could condense. The court replied that if by adjournment he could condense what he had to say, it would adjourn and give him the time. Counsel said he could do so, and consented to the adjournment. To all of this, happening in the presence of the jury, the defendant excepted.

In the argument of counsel for plaintiff, he stated that plaintiff would be satisfied with interest at ten per cent. on the note for $1,576 28. This note bore interest on its face at one per cent. per month. The court asked counsel for defendant if that was satisfactory to him? To this defendant's counsel replied by reading his plea of usury. To all of which the defendant excepted.

Counsel for plaintiff took up certain cotton bills, marked paid, and stated that defendant had pleaded them and wished

to recover on them. Defendant's counsel, addressing the court, stated that they were not in the amended plea, and that defendant claimed no recovery for the cotton therein mentioned, but that defendant did plead and seek to recover on several other bills for cotton. Counsel for plaintiff still insisted that the cotton bills marked paid were pleaded, and the plea being temporarily lost, counsel for defendant asked for time to find it or to establish a copy. The court directed the argument to proceed. Plaintiff's counsel then said : " the shoe pinches," and " when you pinch him he shows it." To this counsel for defendant objected. The court stated that the plea would settle it, but the case must go on. Afterwards the plea was found, and defendant's counsel asked to make the correction, with such document and the cotton bills pleaded, in his hand. The court replied : " Well, you have now stated it your way. He has passed from it. Let the argument go on." To all of which the defendant excepted.

Plaintiff's counsel read the plea, and argued that it conflicted with defendant's testimony. Defendant's counsel objected to the plea's being treated in the light of evidence. The court stated that the plea was not evidence, but could be commented on as any other admission. To this defendant excepted.

The defendant requested the court to charge the jury, without qualification, as follows : " It is the duty of the jury first to ascertain what amount, if anything, defendant owed plaintiff when this suit was brought, for which plaintiff has sued in this action, having reference to the pleadings to ascertain what is included in the action. Then to ascertain what amounts of money and the value of what property the evidence may show he has delivered to plaintiff. If it appears from the evidence that no directions were given by him at the time of such deliveries, and they believe the defendant knew fully of the accounts, and had assented to them as correct at the time of the credits, then, to the extent that said accounts may have been proven to be correct, credits on the accounts should be allowed to the amount of the same shown to be correct." This the court charged with the following

qualification : "It is immaterial whether the defendant assented to their correctness or not, if the jury believe that there was a valid subsisting demand against the defendant, which was due to the plaintiff, and upon which the credit was given to him, but they must be satisfied of that."

The defendant excepted to the qualification attached to this request.

The defendant requested the court to charge as follows: "If directions were given to such funds, or any part thereof, inconsistent with such credits; or if the evidence shows it was the known, reasonable expectation or understanding that a settlement would afterwards take place, at which time the credits would be placed, and not till then, it should now be ascertained what he does fairly and legally owe the plaintiff, and the application of the money be made accordingly, and whichever way the balance falls the jury should so find." This charge the court refused upon the ground that there was no testimony on which to predicate it. To this the defendant excepted.

The defendant requested the court to charge the jury as follows: "If the jury should believe from the evidence, that it was known to the plaintiff, that it was the reasonable expectation of the defendant, at the time of the delivery of any money or property to him, that there would afterwards be a settlement between them of matters of mutual indebtedness, when he would himself direct the placing of credits, the mere fact that plaintiff had placed the credits is not conclusive, and the jury still have the right to place such amounts as they may find, from the evidence, defendant has so delivered, first to such amount as they may find due on the note or notes not barred by the statute of limitations. If such amount is less, then to find the balance for the plaintiff, and if it appears from the evidence to exceed the amount established by plaintiff to be due on the notes sued on, to find the balance for the defendant against the plaintiff." The court refused to charge this request, and the defendant excepted.

The defendant requested the court to charge the jury as

McLendon *vs.* Frost.

follows: "A promise to answer for the debt, default or miscarriage of another, to make the obligation binding on the promissor, must be in writing, signed by the party charged therewith, or by some person by him lawfully authorized. Therefore, if the jury shall be of the opinion, from the evidence, that there are any charges in the accounts of plaintiff for the debt, default, or miscarriage of any other person or persons, each and every such charge, whether made in general terms or itemized, should be disallowed, unless it further appears from the evidence that defendant has promised to pay it in writing, signed by himself, or by some person by him lawfully authorized." The court refused thus to charge, and the defendant excepted.

The defendant requested the court to charge the jury as follows: "Plaintiff had no legal right to pass any money, or the value of anything he may have received from defendant, to credit on accounts, and then claim it as a payment of the same to him, only so far as the amount of said accounts may be established by the proof to be correct. The burden of proof to establish this is on the plaintiff. This has special and strong application to this case, unless the jury are of the opinion, from the evidence, that before the alleged credits, each account was fully known to, and understood by, the defendant, and assented to by him as correct." The court refused thus to charge, and the defendant excepted.

The defendant again requested the court to charge substantially as set forth in the second and third requests. The court refused, and he excepted.

The defendant requested the court to charge as follows: "As to items and charges for merchandize alleged to have been sold, before any of said items or charges can be allowed, the jury must be satisfied from the evidence what specific article was sold and the price agreed upon, or else the reasonable value thereof in market. This applies both to items charged as having been bought by defendant and by others, either for themselves and passed to his account, or on his account. They should all appear from the proof to be distinctly item-

ized, or otherwise plainly set forth and proven as charged, before any or either of the charges should be allowed by the jury." This request the court read over in the presence of the jury and refused to charge the same. Instead thereof it charged as follows: "Before the jury should find for the plaintiff on the notes sued, they should be satisfied that he had other legal and just demands against the defendant, sufficient to cover the amount of the defendant's payments to him, and that he had applied such payments to these demands. If, however, it does not appear from the proof that he did have such demands, then the application to an unjust demand would not discharge the plaintiff from his liability to account to defendant for payments made."

The, defendant excepted to the refusal to charge, to the reading of the request in the presence of the jury, and to the charge as given.

It is deemed unnecessary to set forth either the charge of the court or the evidence.

The jury found for the plaintiff $2,140 08 principal, and $535 01 interest.

The defendant moved for a new trial upon each of the grounds of exception above set forth, because the charge was erroneous; because the verdict was contrary to the charge, the law, and the evidence, and because the court erred in the following matters: After Judge Crawford had closed his charge and the jury had retired, the said judge stated that he would leave on the train for Columbus, which was expected soon to pass, and asked counsel, if the jury should not agree before his departure, if they would consent for them to return a verdict to the clerk, subject to formal correction. To this counsel agreed. After the departure of Judge Crawford, and whilst Judge Buchanan was presiding, the jury returned a verdict finding a gross sum for the plaintiff. The jury stated to the court that the finding embraced principal and interest. The court instructed them that the principal and interest should be separated. They retired, and returned with the verdict as above set forth.

The defendant insists that the return of the verdict, after the departure of Judge Crawford, and the alteration of the same under instructions from Judge Buchanan, constitute good ground for new trial.

The motion was overruled, and defendant excepted.

BIGHAM & WHITAKER, for plaintiff in error.

FERRELL & LONGLEY; N. J. HAMMOND; A. H. COX, for defendant.

BLECKLEY, Judge.

The decision, as delivered from the bench, is set out in the twenty-one. head-notes. These notes were carefully considered, and are so full that they speak all we can usefully say touching the case or any part of it.

Judgment affirmed.