AUGUSTA SOUTHERN RAILROAD CO. *v.* HILL.

*Lumpkin, J.*—Although the evidence for the defendant tended strongly to show that its servants in charge of the train used ordinary and reasonable care to prevent the killing of the plaintiff's horse, yet as there was evidence for the plaintiff from which, if true, the contrary could be reasonably inferred, and as the trial judge was satisfied with the verdict, this court will not set it aside.                    *Judgment affirmed.*

April 27, 1896. Argued at the last term.

Action for damages. Before Judge Reese. Glascock superior court. August term, 1894.

Hill sued the railroad company for the killing of a horse by the running of its train, and obtained a verdict. The company moved on the general grounds for a new trial, and the motion was denied.

From plaintiff's testimony it appears that he turned the horse out to graze. There was no stock law at the place. The point where the horse was struck was about half a mile from Gibson. The railroad track was curved there. It was half a mile from a crossing. Plaintiff's wife testified that she saw the accident. The train had been blowing, and was going towards Gibson. It was running as hard as it could, faster than it generally went, and it looked to her like it was trying to run faster. It was not blowing when it came in sight of her. It was a quarter of a mile from the place of the accident. The track was straight where the accident occurred. The horse was about 300 yards in front of the train when they first came in sight. They never tried to stop until they got nearly to the trestle. They tried to stop just before they got to the horse. They carried the horse across the trestle on the cowcatcher, and threw him in the field. They had been blowing at the horse before she saw them. She saw the horse when he was struck. He was about 25 yards from the trestle. She was about 100 yards from the stock-gap or trestle, and about 15 yards from the railroad;

was standing on the bank. They ran the horse about 500 yards before they killed it. Another witness testified that he was at the depot when the train arrived there, and heard the engineer cursing about their not putting on brakes, and about not being able to stop; and heard the conductor say the brakes were broken. The train was a mixed train. The place where the killing occurred is a water-way or stock-gap, on a curve in the track.

Defendant introduced the engineer, conductor, fireman, and other witnesses. Their testimony was in conflict with that for the plaintiff, and made a case of unavoidable accident, it appearing that the horse jumped upon the track about 50 or 75 yards ahead of the train (which was running down grade on schedule time, about 18 miles an hour), and it was impossible to stop before striking the animal, though everything possible was done to avoid the collision; that the brakes were applied promptly; and that the testimony as to statements by the engineer and conductor at the depot was untrue.

*Leonard Phinizy* and *E. B. Rogers*, for plaintiff in error. *E. P. Davis*, contra.