### 18593. HEARD et al., by Guardian, v. HELMS.

SUTTON, Justice. The purported brief of the evidence consists of 98 pages of questions and answers; and, with the exception of one page of documentary evidence, every page includes either motions to rule out evidence, objections to the introduction of evidence, rulings of the court in passing upon various objections and motions, colloquies between counsel and between counsel and the court, arguments of counsel upon objections to the admission of evidence, evidence which was excluded by the court, and various other irrelevant matter. So far as the record shows, the purported brief of the evidence has not been agreed to by counsel nor has it been approved by the court. The only approval by the trial judge relates to the one page of documentary evidence. There has been no bona fide attempt whatever to comply with the requirements of Code § 70-305, as amended by the act of December, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446 (b)), and this court will, therefore, not pass upon any assignment of error in the determination of which reference must be had to the purported brief of evidence. *Robinson v. State*, 209 Ga. 650 (1) (75 S. E. 2d 9), and cases cited. Accordingly, since the general grounds of the motion for new trial and all of the four special grounds require reference to the brief of evidence, no question is presented for determination by this court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 11, 1954—DECIDED MAY 11, 1954—
REHEARING DENIED MAY 31, 1954.

*O. N. Singleton, R. S. Wimberly,* for plaintiffs in error.
*Joseph M. Rogers,* contra.

W. T. Heard, Jr., and Elizabeth Heard, minors, by Mrs. Elizabeth Dedman Heard, their legal guardian and next friend, filed a petition in Marion Superior Court against W. L. Helms, which as amended alleged substantially the following: The petitioners and the defendant are coterminous landowners. The petitioners' north line is the north original line of land lot number 197 and the south original line of land lot number 196. The defendant is threatening to remove a fence which is on the boundary line between the litigants, the same being the dividing line between the above-stated land lots, and to take possession of a strip of land across the northern portion of land lot 197. The removal of the fence and taking possession of the strip of land, which is situated between land admittedly owned by the petitioners on the south and by the defendant on the north, would constitute a continuing trespass, cause the petitioners irreparable injury, and result in a multiplicity of actions. The prayers, besides for process and a rule nisi, were: that the defendant be enjoined from removing the fence along the north line of land lot 197, and from going on or trespassing on the lands of the petitioners; and that the petitioners have general equitable relief.

The defendant filed an answer in the nature of a cross-action, in which he denied material allegations of the petition and prayed among other things that title to the strip of land in question be decreed to be in him, and that the petitioners be enjoined from trespassing thereon. Under the pleadings, the correct location of the boundary line between the litigants was the controlling question. The jury returned a verdict in favor of the defendant.

The petitioners' motion for new trial, which was amended by adding 4 special grounds complaining of the court's refusal to admit evidence, was denied, and the exception is to that judgment.