18699. WILLIAMSON *v.* YAKUPIAN *et al.*

MOBLEY, Justice. The purported brief of the evidence consists of 126 pages of questions and answers; and, with the exception of 6 pages of documentary evidence, practically every page includes either motions to rule out evidence, objections to the introduction of evidence, rulings of the court in passing upon various objections and motions, colloquies

between counsel and between counsel and the court, arguments of counsel upon objections to the admission of evidence which was excluded by the court, various other irrelevant matter, and page after page circled in ink and marked "stricken." While the stenographic report of the trial of the case, with immaterial questions and answers and parts thereof stricken, may be used in place of a brief of evidence, this rule does not contemplate that the original stenographic report will be sent to this court with the excluded parts included and marked in ink "stricken." Where stricken or excluded by the court it should not appear in the record brought to this court. This procedure not only makes the record very difficult to consider, but unnecessarily takes up space in the permanent files of this court. Even if this procedure were permissible, the record here under consideration is filled with immaterial parts that have not been marked "stricken." There has been no bona fide attempt whatever to comply with the requirements of Code § 70-305, as amended by the act of December, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446 (b)), and this court, therefore, will not pass upon any assignment of error in the determination of which reference must be had to the purported brief of evidence. *Robinson* v. *State*, 209 *Ga.* 650 (1) (70 S. E. 2d 514); *Heard* v. *Helms*, 210 *Ga.* 669 (82 S. E. 2d 129); *Brown* v. *Clarke*, ante. Accordingly, since each assignment of error in the present direct bill of exceptions, complaining of a judgment awarding custody of a child, requires reference to the brief of evidence, no question is presented for determination by this court.

*Judgment affirmed. All the Justices concur.*

Argued September 14, 1954—Decided October 11, 1954.

*Vincent P. McCauley,* for plaintiff in error.