## 35289.  SATTERWHITE *et al. v.* MANSFIELD *et al.*

NICHOLS, J.  The stenographic report of the trial of the case, as specified in the bill of exceptions and included in the record, contains: objections of counsel to the admission of evidence, argument, and rulings of the court thereon; statements of counsel as to the theory of the petition, as to what a party intended to show, and as to the nature of documentary evidence offered; statements of the court; colloquy excusing witnesses; and a motion for an adjournment of the hearing.  This does not show a bona fide attempt to comply with the requirement of Code (Ann. Supp.) §§ 6-802, 70-305, and 70-312 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 445 et seq.), that immaterial parts of the report of the trial be stricken, in order to use such report in lieu of a brief of evidence.  This court will not undertake to separate material evidence from extraneous matter where counsel have not undertaken to do so, and will not pass upon assignments of error requiring a consideration of the evidence where the evidence is not in proper form for consideration.  *Brown* v. *Clarke,* 211 *Ga.* 61 (84 S. E. 2d 14); *Williamson* v. *Yakupian,* 211 *Ga.* 61 (84 S. E. 2d 15); *Boston Ins. Co.* v. *Harmon,* 66 *Ga. App.* 383 (1) (18 S. E. 2d 84).  There being no assignments of error in the bill of exceptions which do not require a consideration of the evidence, and the evidence not being set out in the manner prescribed by statute for consideration by this court, we must assume that the judgment of the trial court was correct.

*Judgment affirmed.  Felton, C. J., and Quillian, J., concur.*

DECIDED JANUARY 4, 1955—REHEARING DENIED JANUARY 25, 1955.

*Oscar D. Smith, Jr.,* for plaintiff in error.
*Thompson, Thompson & Redmond, Roscoe Thompson,* contra.

### ON MOTION FOR REHEARING.

In the present case the judgment of the trial court was affirmed because, as shown in the opinion of this court, the brief of evidence was not prepared in compliance with the law.

The plaintiffs in error have filed in this court a motion for rehearing on the ground that a careful review of the facts in connection with the preparation of the final brief of evidence will disclose that they made a bona fide effort to have the trial judge approve a brief of evidence in proper form.

In the bill of exceptions it is stated that, upon the hearing for approval of the bill of exceptions and brief of the evidence, the trial judge, at the suggestion of opposing counsel, required certain additions to be made to the brief of evidence, and that the additions may be ascertained by reference to Exhibit "A," which

is attached to the bill of exceptions. This exhibit specifies certain changes to be made in the bill of exceptions respecting recitals not dealing with the evidence, and as to which there is no complaint, and in the last paragraph it is provided: "In addition to the stenographic report of the examination of the witnesses designated as paragraph 5 of page 3 of the original bill of exceptions, the *testimony* of the following additional witnesses is to be included: [Naming them]." (Italics ours.)

In the motion for rehearing it is stated that, in refusing to approve the original brief of evidence and bill of exceptions, the trial judge said, in sustaining the objections of opposing counsel, "Send it all up," and entered the order above mentioned as Exhibit "A," but such expression is not verified by the trial judge, even if it could be said to include objectionable matter. It is further stated that, "For the sake of brevity, details concerning the contents of the brief of evidence presented to the court for approval by counsel for plaintiffs in error were not included in the recitals contained in the bill of exceptions"; but that, if a rehearing be granted, the evidence contained in the brief of evidence as presented by the movants to the trial judge could be shown by them and would be found to be free from objectionable matter.

In the brief of the movants in support of their motion for rehearing, several cases are cited as tending to support, it is contended, the argument of the movants as to having made a bona fide effort to furnish a proper brief of evidence. They are distinguishable on their facts from the present case, and no discussion of them is deemed necessary except as to *Albany & Northern Ry. Co.* v. *Wheeler*, 6 *Ga. App.* 270 (64 S. E. 1114), which contains an excellent discussion by Judge Powell. It was there said: "In this connection we may say that when an improperly prepared brief of the evidence appears in the record without any explanation or contrary statement, it is presumed to be the work of counsel for the movant. Hence, if counsel for the movant has not in fact been derelict in this respect and desires to save himself from this imputation, he should present what he conceives to be a correct brief to the judge; if opposing counsel objects, and the judge sustains the objection and causes additions to be made, it is the privilege of moving counsel to cause this

fact to appear, either by a note or memorandum attached to the brief of the evidence and verified as a part of it, or by a recital in the bill of exceptions; and if when the case reaches this court it appears that the brief has been improperly added to at the instance of counsel for the respondent, it is within the discretion of this court to give such direction to the matter, by taxing the costs or otherwise, as will protect the party not at fault." This separation of the material from the immaterial evidence, colloquies, etc., by counsel must, of course, be done when the case is brought to this court, and not by any showing in connection with a motion for rehearing. The reason for the rule is well stated by Judge Powell as follows: "The plain policy of the law is that the reviewing court shall not be burdened with the duty of going through a full report of the testimony and sorting the material from the immaterial. It is a serious hindrance to the judges in the process of attempting to apprehend the points involved in a proper decision of the case, that they must search for the relevant throughout an overwhelming and naturally obscuring volume of the irrelevant."

Counsel for the movants argue that, inasmuch as the bill of exceptions shows that the additions to their brief of evidence were made in consequence of an order of the trial judge, and because this testimony of seven witnesses may be ascertained by reference to Exhibit "A," this court may, by a process of elimination, disregard such portion of the brief of evidence and thereby determine what portion of the final brief of evidence represents the original brief of evidence tendered by them to the trial judge. It is further contended that such portion will be found to be free from imperfections, and therefore it can not be said that the movants were derelict in the preparation of the brief of evidence.

Assuming but not conceding that the movants followed the method outlined in the *Albany & Northern Ry. Co.* case, supra, it must still be held that the record shows that they did not make a bona fide effort to comply with the law. It is asserted by them that any objectionable matter in the final brief of evidence is in that portion ordered by the trial judge to be added, and that their original brief of evidence was free from objectionable matter. An examination of the order of the trial judge, however,

discloses that he ordered only the *testimony* of seven named witnesses. Certainly this could not reasonably be construed to mean that, contrary to well-established law, counsel should include the objectionable matter referred to in the opinion of this court. Manifestly the responsibility for the inclusion must rest upon the movants.

The argument that certain documentary evidence mentioned in the brief of evidence can be considered because not involved in the changes in the brief of evidence can not be upheld, because the failure to send up a proper brief of evidence vitiates it in its entirety.

It follows from the above that the judgment of affirmance heretofore rendered was correct.