35401. MULLINAUX *v.* GILREATH *et al.*
35402. MULLINAUX *v.* BRYANT *et al.*
35403. MULLINAUX *v.* ROGERS *et al.*
35418. MULLINAUX *v.* GILREATH *et al.*

NICHOLS, J. 1. The allegations of the petition wherein it was sought to foreclose a materialman's lien—to the effect, that the owners of described realty employed a contractor to build a house thereon, that plaintiff furnished the contractor material for the building of the house, that within three months after the material was furnished plaintiff claimed a lien on the realty which lien was duly recorded, that plaintiff's demand for payment was refused, and that plaintiff commenced the action within the time required by law—were sufficient as against general demurrer to set forth a cause of action, where the petition together with entries thereon, and the exhibits which were made a part of the petition, showed that the lien was recorded within three months after the material was

furnished, and that the action for the recovery of the amount of plaintiff's claim was commenced within twelve months from the time the claim became due. Code § 67-2002 as amended; *Pickard* v. *Gregory*, 88 *Ga. App.* 475 (76 S. E. 2d 860).

2. Each of the interventions, together with the exhibits which were attached and made a part thereof, showed that the liens were recorded in the office of the clerk of the superior court within three months after the labor was done and the material was furnished, and that the intervenors were made parties within twelve months from the time their claims became due. Accordingly, the trial court did not err in overruling the objections to the interventions, on the ground that the allegations contained therein were too vague and indefinite to entitle the intervenors to recover on their claims.

3. The purported brief of evidence consists of approximately 67 pages; and with the exception of 7 pages of documentary evidence practically every page includes either motions to rule out evidence, objections to the introduction of evidence, rulings of the court in passing upon various objections and motions, statements of the court, colloquies between counsel and between counsel and the court, and various other irrelevant matter. There has been no bona fide attempt whatever to comply with the requirements of Code § 70-305 as amended by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446 (b)), and this court will therefore, not pass upon any assignment of error in the determination of which reference must be had to the purported brief of evidence. *Robinson* v. *State,* 209 *Ga.* 650 (1) (75 S. E. 2d 9); *Heard* v. *Helms,* 210 *Ga.* 669 (82 S. E. 2d 129); *Brown* v. *Clarke,* 211 *Ga.* 61 (84 S. E. 2d 14); *Williamson* v. *Yakupian,* 211 *Ga.* 61 (84 S. E. 2d 15); *Boston Ins. Co.* v. *Harmon,* 66 *Ga. App.* 383 (1) (18 S. E. 2d 84); *Satterwhite* v. *Mansfield,* 91 *Ga. App.* 450 (85 S. E. 2d 802). Accordingly, since the general grounds of the motion for new trial and all of the three special grounds require reference to the brief of evidence, no question is presented for determination by this court, by the assignments of error on the denial of the motion for new trial.

*Judgments affirmed in all four bills of exceptions. Felton, C. J., and Quillian, J., concur.*

DECIDED FEBRUARY 24, 1955.

*Pittman & Greene, W. B. Greene,* for plaintiffs in error.

*Jere F. White,* for Allen Rogers and James Bryant.

*Davis & Cullens,* for W. E. Matthews.

*Paul F. & Warren Akin,* for J. H. Gilreath.