### 18925. MYHAND *v.* HARRIS.

DUCKWORTH, Chief Justice. There has obviously been no attempt to make a brief of the material evidence in this case. As illustrative of this, on page 79 of the alleged brief, there appears a statement of the judge, recessing court until morning and instructing the jury to allow no one to communicate with them. Then on page 100, and comprising practically all of that page, is a motion of defendant's counsel for a directed verdict, the reply of counsel, and the overruling of the motion by the court. The object in changing the rule about briefs of evidence to allow questions and answers (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 445) was not intended to relax the rule that there must be a brief of only the evidence.

The exception to a refusal to enter judgment despite the mistrial order is the question we are asked to review, and a consideration of the evidence is indispensable to such a ruling. Therefore, since there is no proper brief of evidence we have no choice but to affirm the judgment. *Turner* v. *Turner*, 205 *Ga.* 578 (54 S. E. 2d 410); *Robinson* v. *State*, 209 *Ga.* 650 (75 S. E. 2d 9); *Heard* v. *Helms*, 210 *Ga.* 669 (82 S. E. 2d 129); *McDonald* v. *Fletcher*, 211 *Ga.* 405 (86 S. E. 2d 215).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who is disqualified.*

SUBMITTED APRIL 11, 1955—DECIDED MAY 9, 1955.

*Horace E. Richter, Ken Askew,* for plaintiff in error.
*Wyatt & Morgan,* contra.