18987. ANDERSON *v*. THE STATE.

HAWKINS, Justice. E. J. Anderson was convicted in Fulton Superior Court, of murder, with a recommendation of mercy, and sentenced to life imprisonment. To the denial of his amended motion for a new trial he excepts. *Held:*

1. What purports to be a brief of the evidence, which has been agreed to by counsel and approved by the trial judge, consists of some 70 pages exclusive of exhibits. With the exception of 26 pages of the 70, every page includes either motions to rule out evidence, objections to the introduction of evidence, motions for mistrial, rulings of the court in passing upon various objections and motions, colloquies between counsel and between counsel and the court, arguments of counsel upon objections to the admission of evidence, evidence which was excluded by the court, and various other irrelevant matters. This court has repeatedly held that, while the stenographic report of the trial of the case, *with immaterial questions and answers and parts thereof stricken,* may be used in place of a brief of evidence, where, as in this case, there has been no bona fide attempt to comply with the requirements of Code § 70-305, as amended by Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446 (b), by eliminating immaterial questions and answers and parts thereof, we will not pass upon any assignment of error in the determination of which reference must be had to the purported brief of evidence. *McDonald* v. *Fletcher,* 211 *Ga.* 405 (86 S. E. 2d 215), and cases there cited. See also *Augusta Southern R. Co.* v. *Williams,* 99 *Ga.* 75 (3) (24 S. E. 852); *Collins Park & Belt R. Co.* v. *Ware,* 110 *Ga.* 307 (35 S. E. 121); *Lee* v. *Baughn,* 211 *Ga.* 525 (87 S. E. 2d 69).

2. Since the general grounds of the motion for a new trial and each of the three special grounds—complaining (1) of the failure of the trial judge to charge the law of voluntary manslaughter; (2) of the failure to charge the law of involuntary manslaughter; and (3) of the charge to the jury that manslaughter was not involved in the case—require reference to the evidence, no question is presented for determination by this court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 14, 1955—DECIDED JULY 12, 1955—
REHEARING DENIED JULY 25, 1955.

*Reuben A. Garland, Anthony A. Alaimo,* for plaintiff in error. *Paul Webb, Solicitor-General, Jeptha C. Tanksley, Charlie O. Murphy, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.