## 35860. BECKERMAN *v.* CITY OF CLAXTON.

Decided September 28, 1955.

*Osgood Williams, Morris B. Abram,* for plaintiff in error.

*R. K. Girardeau,* contra.

GARDNER, P. J. The certiorari is very lengthy. There are 3 assignments of error on the general grounds and 36 assignments of error on the special grounds. The contention by the plaintiff that the judge committed no error in dismissing the petition for certiorari is based principally on the grounds: (1) regarding the general grounds, that there is no proper assignment of error; and (2) on the numerous special grounds, because they are vague and indefinite, and to decide them or either of them requires a reference to some part of the record other than the special grounds themselves. It is apparent from the record that counsel for the plaintiff bases his contentions on the ground that a petition for certiorari regarding assignments of error and a brief of the evidence is as limited and strict under Code § 19-203 as in motions for a new trial. Different requirements are applicable in motions for new trials than in certiorari cases. This court held in *Meacham* v. *State,* 7 *Ga. App.* 713, 714 (68 S. E. 52), as follows: "The rule which requires a proper brief of the evidence in writs of error generally has no application to petitions for certiorari. The petition must be incorporated in the bill of exceptions, and there is no rule requiring the testimony adduced upon the trial in

the inferior judicatory to be briefed at all. The petitioner for certiorari is expected to set forth plainly and distinctly what occurred upon the trial, and he may exercise this privelege ad libitum, even to the extent of presenting what Judge Bleckley calls a rigmarole of questions and answers, objections, remarks of the counsel, etc., with no other penalty attached than the probability of irretrievably confusing the court. For this reason the motion to dismiss can not be sustained." In *Langley Mfg. Co. v. Frey & Co.*, 10 *Ga. App.* 753 (1) (73 S. E. 1074) it was held: "A petition for certiorari should not be dismissed for want of an assignment of error, when it sets forth the evidence alleged to have been introduced at the trial, the judgment of the inferior judicatory, and avers that the judgment is contrary to law, contrary to evidence, and decidedly and strongly against the weight of the evidence."

This court held in *Louisville &c. R. Co. v. Lovelace*, 24 *Ga. App.* 616 (2, 3) (101 S. E. 718), as follows: "If certiorari does not lie to correct a judgment upon the ground that it is contrary to the evidence and the principles of equity and justice, or that it is decidedly and strongly against the weight of the evidence, a petition for certiorari will not be dismissed on such ground when, in addition to such ground, it presents for determination a question of law. . . The plaintiff in certiorari, in attempting to fully and plainly set forth what transpired upon the trial, is not required to make a brief of the evidence adduced upon the trial, but may incorporate in his petition a stenographic transcript of the testimony, set forth in questions and answers. It is error to dismiss such a petition upon the ground that no effort was made on the part of plaintiff in certiorari to make a brief of the evidence."

In *Wrenn v. Dowden*, 56 *Ga. App.* 713 (1a) (193 S. E. 456), it was held: "A petition for certiorari will not be dismissed on account of an insufficient assignment of error, where it contains an additional assignment of error presenting for determination a question of law." Under these authorities the record reveals that a proper assignment of error was made on the general grounds for determination by the judge of the superior court as to whether or not the evidence was sufficient to sustain the verdict of guilty under the general grounds, and to decide whether or not the evidence

was sufficient to determine the merits of the special grounds dependent upon facts. Also from the special grounds some questions of law were brought forth. Therefore, it was the duty of the court to determine the questions of law thus raised regardless of the questions of fact pertaining to those assignments of error which involve facts or evidence, as determined in *Wrenn* v. *Dowden,* supra.

Counsel for the defendant, in addition to Code § 19-203, calls our attention to *Robinson* v. *State,* 209 *Ga.* 650 (1) (75 S. E. 2d 9); *Heard* v. *Helms,* 210 *Ga.* 669 (82 S. E. 2d 129); *Myhand* v. *Harris,* 211 *Ga.* 567 (87 S. E. 2d 376); and *Lee* v. *Baughn,* 211 *Ga.* 525 (87 S. E. 2d 69). These cases deal with motions for new trial and not with writs of certiorari, as here, and therefore are not applicable.

The court erred in dismissing the writ of certiorari.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*