19039. CHILDERS *v.* GOBLE, Warden.

HAWKINS, Justice. This case is an appeal from a judgment of Whitfield Superior Court, denying an application for habeas corpus brought by petitioner seeking the release of her son, George Childers, from the custody of respondent, who is Warden of Whitfield Public Works Camp in Dalton, Georgia. *Held:*

1. A motion to dismiss the bill of exceptions has been filed by counsel for defendant in error, because there has been no attempt to comply with the requirements of the law as to briefing the evidence. The transcript of evidence is incorporated in the bill of exceptions, and consists of some eighteen pages, exclusive of exhibits. Six of these pages refer to a hearing in Dalton on May 10 which resulted in the court denying the writ, with permission to amend and allege the facts, and included in these six pages are objections to evidence, rulings of the court, evidence which was excluded by the court, colloquies between counsel and the court. The remaining twelve pages refer to a hearing at Calhoun on May 23, after the writ had been amended, and several of these pages include objections to the introduction of evidence, rulings of the court in passing upon various objections, colloquies between counsel and the court, and arguments of counsel upon objections to the admission of evidence. This court has repeatedly held that, while the stenographic report of the trial of the case, *with immaterial questions and answers and parts thereof stricken,* may be used in place of a brief of evidence, where, as in this case, there has been no bona fide attempt to comply with the requirements of Code § 70-305, as amended by Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446 (b), by eliminating immaterial questions and answers and parts thereof, we will not pass upon any assignment of error in the determination of which reference must be had to the purported brief or transcript of evidence. *McDonald* v. *Fletcher, 211 Ga.* 405 (86 S. E. 2d 215), and cases there cited; *Myhand* v. *Harris, 211 Ga.* 567 (87 S. E. 2d 376); *Anderson* v. *State, 211 Ga.* 768 (88 S. E. 2d 149). The question of whether or not the prisoner duly waived his right of hearing on the parol revocation necessarily requires reference to the evidence, and will not be passed upon.

2. The other question in this case is whether or not a person may voluntarily waive his right of hearing prior to parole revocation. In *Bradford* v. *Mills*, 208 *Ga.* 198 (1) (66 S. E. 2d 58), it was held that "one may waive or renounce what the law or Constitution has established in his favor, . . . including even the right of trial itself."

Judgment affirmed. *All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1955—DECIDED OCTOBER 10, 1955.

*John D. Edge*, for plaintiff in error.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Robert H. Hall, Assistant Attorneys-General*, contra.