19898. KEITH *v.* THE STATE.

WYATT, Presiding Justice. George Keith was convicted in Walker Superior Court of murder with a recommendation of mercy. To the judgment denying his amended motion for new trial he excepted. *Held:*

The purported brief of evidence in this case appears to be the original stenographic report of the trial, with certain parts of the record stricken by having a pencil mark drawn through certain language which is apparently intended to be excluded from the record. This court in *Williamson* v. *Yakupian*, 211 *Ga.* 61, 62 (84 S. E. 2d 15), said: "While the stenographic report of the trial of the case, with immaterial questions and answers and parts thereof stricken, may be used

in place of a brief of evidence, this rules does not contemplate that the original stenographic report will be sent to this court with the excluded parts included and marked in ink 'stricken.' Where stricken or excluded by the court, it should not appear in the record brought to this court. This procedure not only makes the record very difficult to consider, but unnecessarily takes up space in the permanent files of this court." It therefore appears that, if the question and answer form of the evidence is to be used, the excluded portion should be entirely excluded from the record brought to this court, and not simply marked through with a pencil. If this procedure had been followed in the instant case, many pages would have been eliminated from the record brought to this court. Moreover, in the purported brief of the evidence, there appear 32 instances of rulings by the court, argument of counsel, motions to rule out evidence, objections to the introduction of evidence, colloquies between counsel and counsel and the court, which have not been eliminated by pencil mark or otherwise. This court has repeatedly held that, under such circumstances, there has been no bona fide attempt to comply with the requirements of Code § 70-305 as amended by the act of the General Assembly of December, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446), and that this court will not pass upon any assignment of error in the determination of which reference must be had to the purported brief of evidence. In the instant case, the general grounds, under the above rulings, can not be considered. The special grounds complain of the introduction of evidence, the exclusion of evidence, and the charge of the court. None of these questions can be intelligently considered without reference to the purported brief of evidence. It follows, no question is presented for determination by this court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958.

*Bobby Lee Cook*, for plaintiff in error.

*Earl B. Self, Solicitor-General, M. Neil Andrews, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.