### 20398, 20410.  EVANS *v.* ANDERSON; and *vice versa.*

HAWKINS, Justice.  In an effort to co-operate with the Bar and materially reduce the amount of labor on the part of counsel

for the plaintiff in error in reducing to narrative form the evidence adduced upon the trial when preparing a brief of evidence for use on appeal, this court, with the assistance of the Committee from the Bar of this State, appointed by the Supreme Court, and by act of the General Assembly (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446), amended the law with respect to the brief of evidence, and provided for the use of the stenographic report of the trial of the case "with immaterial questions and answers and parts thereof stricken." Since that amendment, this court has repeatedly held that the stenographic report of the trial of the case may be used in place of a brief of the evidence, provided "immaterial questions and answers and parts thereof" be stricken, and that the word "stricken" means eliminated from the record in this court, and not merely stricken with a pen, or crossed out with a typewriter, and left in the record. Among the reasons for requiring elimination of immaterial questions, answers, and parts of the stenographic report, are (1) to relieve this court of the burden of wading through what frequently amounts to a conglomerated mass of matter wholly irrelevant and immaterial to any question presented for decision; and (2) to prevent the unnecessary congestion and overcrowding of the permanent files of this court. For some of the cases dealing with this question, see *Turner* v. *Turner,* 205 *Ga.* 578 (54 S. E. 2d 410); *Robinson* v. *State,* 209 *Ga.* 650 (75 S. E. 2d 9, 345 U. S. 999, 73 S. Ct. 1144, 97 L. Ed. 1405); *Heard* v. *Helms,* 210 *Ga.* 669 (82 S. E. 2d 129); *Brown* v. *Clarke,* 211 *Ga.* 61 (84 S. E. 2d 14); *Williamson* v. *Yakupian,* 211 *Ga.* 61 (84 S. E. 2d 15); *Hester Bennett Lumber Co.* v. *Alexander,* 211 *Ga.* 402 (86 S. E. 2d 222); *McDonald* v. *Fletcher,* 211 *Ga.* 405 (86 S. E. 2d 215); *Lee* v. *Baughn,* 211 *Ga.* 525 (87 S. E. 2d 69); *Myhand* v. *Harris,* 211 *Ga.* 567 (87 S. E. 2d 376); *Anderson* v. *State,* 211 *Ga.* 768 (88 S. E. 2d 149); *Calhoun* v. *State,* 211 *Ga.* 819 (89 S. E. 2d 197); *Childers* v. *Goble,* 211 *Ga.* 860 (89 S. E. 2d 499); *Keith* v. *State,* 213 *Ga.* 743 (101 S. E. 2d 705). While the record in the present case does not violate this rule to the extent that some of the records do, approximately one-seventh of the eighty-five pages appearing in the stenographic report contain irrelevant matter, and the purported brief of evidence does not comply with the requirements of Code (Ann.) § 70-305 and the foregoing decisions of this court. Since the only assignment of

error in the bill of exceptions is that the court erred in denying the plaintiff's motion for a new trial, based on the general grounds, and one special ground complaining of the direction of a verdict for the defendant, in the determination of which reference to the purported brief of evidence would be necessary, no question is presented for decision by this court.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

SUBMITTED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*Dan S. Cowart, C. L. Cowart,* for plaintiff in error.
*Al L. Layne, B. D. Dubberly,* contra.