### 20429.   MOORE v. MOORE.

HAWKINS, Justice. . This was a proceeding in which the trial judge on November 4, 1958, entered an order and judgment awarding temporary custody of a minor child, temporary alimony for the support of the wife and child, and a certain amount for attorney fees, which was excepted to by the husband as being "contrary to law" in a bill of exceptions tendered December 3, 1958, and certified February 5, 1959, to which is attached as a part of the record a purported brief of evidence which does not comply with the requirements of Code (Ann.) § 70-305. *Held:*

1. "Under Code [Ann.] §§ 6-901 and 6-1307 construed together, every bill of exceptions, to be valid, must meet two indispensable requirements: (1) it must plainly specify the decision, judgment, or ruling complained of; and (2) it must clearly specify the error alleged to exist therein, and without a compliance with these requirements, this court cannot consider such general assignments of error as are contained in the present bill of exceptions." *Daniel* v. *Boykin*, 211 *Ga.* 43 (1) (84 S. E. 2d 48).

2. The bill of exceptions in this case was presented to the trial

judge on December 3, 1958, and was certified by him on February 5, 1959. No reason appears in his certificate, nor is any shown by the record, for the delay in signing the bill of exceptions. *Duke* v. *Kelly*, 136 *Ga.* 832 (72 S. E. 250); *Clay* v. *Floyd*, 208 *Ga.* 374 (66 S. E. 2d 916); *Amick* v. *Poteet*, 208 *Ga.* 674 (68 S. E. 2d 903); *Bostic* v. *Nesbitt*, 209 *Ga.* 159 (71 S. E. 2d 213); *Gilbert* v. *Moody*, 209 *Ga.* 637 (74 S. E. 2d 879); *Andrews* v. *Hunter*, 213 *Ga.* 23 (96 S. E. 2d 578).

3. The purported brief of evidence consists of fourteen pages, over half of which are devoted to discussions between the court and counsel as to the issues involved and the fact that the parties have been litigating in different counties and before at least three judges. All but three of the remaining pages contain objections to the introduction of evidence, rulings of the court in passing upon various objections and motions, and other irrelevant matter, such as an announcement of recess of court and suggested postponement of the case. This court has repeatedly held that the stenographic report of the trial of the case may be used in place of a brief of the evidence, provided "immaterial questions and answers and parts thereof" be stricken, and that the word "stricken" means eliminated from the record in this court, and not merely stricken with a pen, or crossed out with a typewriter, and left in the record. For some of the cases dealing with this question, see *Turner* v. *Turner*, 205 *Ga.* 578 (54 S. E. 2d 410); *Robinson* v. *State*, 209 *Ga.* 650 (75 S. E. 2d 9), cert. den. 345 U. S. 999 (73 S. Ct. 1144, 97 L. Ed. 1405); *Heard* v. *Helms*, 210 *Ga.* 669 (82 S. E. 2d 129); *Brown* v. *Clarke*, 211 *Ga.* 61 (84 S. E. 2d 14); *Williamson* v. *Yakupian*, 211 *Ga.* 61 (84 S. E. 2d 15); *Hester Bennett Lumber Co.* v. *Alexander*, 211 *Ga.* 402 (86 S. E. 2d 222); *McDonald* v. *Fletcher*, 211 *Ga.* 405 (86 S. E. 2d 215); *Lee* v. *Baughn*, 211 *Ga.* 525 (87 S. E. 2d 69); *Myhand* v. *Harris*, 211 *Ga.* 567 (87 S. E. 2d 376); *Anderson* v. *State*, 211 *Ga.* 768 (88 S. E. 2d 149); *Calhoun* v. *State*, 211 *Ga.* 819 (89 S. E. 2d 197); *Childers* v. *Goble*, 211 *Ga.* 860 (89 S. E. 2d 499); *Keith* v. *State*, 213 *Ga.* 743 (101 S. E. 2d 705); *Evans* v. *Anderson*, 214 *Ga.* 828 (108 S. E. 2d 268).

4. For the reasons stated above, the writ of error must be dismissed, and it, therefore, becomes unnecessary to pass on the motion to dismiss the appeal on the ground that the parties

have resumed cohabitation and are now living together as husband and wife. See, in this connection, *Mosely* v. *Mosely,* 181 *Ga.* 543 (1) (182 S. E. 849); *Thomas* v. *Smith,* 185 *Ga.* 243 (3) (194 S. E. 502); *Williams* v. *Williams,* 194 *Ga.* 332 (4) (21 S. E. 2d 229); *Brown* v. *Brown,* 210 *Ga.* 233 (1) (78 S. E. 2d 516).

*Writ of error dismissed. All the Justices concur.*

ARGUED APRIL 15, 1959—DECIDED MAY 8, 1959.

*Jas. L. Moore,* for plaintiff in error.
*Lokey & Bowden, Charles M. Lokey,* contra.