### 20612. McTYRE *et al. v.* KING *et al.*

HAWKINS, Justice. The will of James N. King was filed for probate in the Court of Ordinary, Douglas County, Georgia, by A. G. Meadows and W. H. King, as propounders, who listed the following as heirs: Mrs. Ozella K. McTyre, Mrs. Camilla K. Ragan, Mrs. Ruby K. Meadows, Mrs. Georgia Lee K. McLarty, and W. H. King. Mrs. Ozella K. McTyre, Mrs. Camilla K. Ragan, Mrs. Ruby K. Meadows, and W. H. King filed a caveat, on the grounds that the testator did not have mental capacity to execute the will, and that undue influence was exerted and exercised over him by Mrs. Georgia Lee King McLarty, who filed an intervention after an appeal to the superior court, the case having been appealed by consent of the propounders and caveators, without a hearing in the court of ordinary. Upon motion of W. H. King, his name was stricken as a caveator. The case came on trial at the November term, 1958, of Douglas Superior Court, and resulted in a verdict in favor of the will, and judgment was entered accordingly. Thereafter, a motion for new trial was filed and amended by adding 40 special grounds, 36 complaining of the admission and rejection of evidence, and 4 complaining of charges of the court. The motion for a new trial was denied, and the exception is to that judgment. *Held*:

1. What purports to be a brief of the evidence, which has been agreed to by counsel and approved by the trial judge, consists of 140 pages, over one-third of which contain irrelevant matter, such as motions to rule out evidence, objections to the introduction of evidence, rulings of the court in passing on various objections and motions, colloquies between counsel and the court, arguments of counsel upon objections to the admission of evidence, and evidence which was excluded by the court. *Robinson* v. *State*, 209 *Ga.* 650 (75 S. E. 2d 9). In *Keith* v. *State*, 213 *Ga.* 743, 744 (101 S. E. 2d 705), Mr. Presiding Justice Wyatt, speaking for the court, had this to say: "This court has repeatedly held that, under such circumstances, there has been no bona fide attempt to comply with the requirements of Code § 70-305 as amended by the act of the General Assembly of December, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446), and that this court will not pass upon any assignment of error in the determination of which reference must be had to the purported brief of evidence. In the instant case, the general grounds, under the above rulings, can not be considered. The special grounds complain of the introduction of evidence, the exclusion of evidence, and the charge of the court. None of these questions can be intelligently considered without reference to the purported brief of evidence. It follows, no question is presented for determination by this court." This is a full-bench decision, and applies with equal force to this case. The general grounds, which are insisted upon, therefore, cannot be considered. Of the 36 special grounds, complaining of the introduction and exclusion of evidence, each refers to numbered page or pages of the purported brief of evidence. While Code (Ann.) § 6-901 provides that motions for new trial need not set out therein portions of the record or transcript of evidence, nor shall it be necessary that the grounds thereof be complete in themselves, they "shall point out such parts of the record or brief of the evidence by page number as are necessary to an understanding of the error complained of." This rule, of course, contemplates a proper brief of evidence, and not a purported brief of evidence, such as we have in this case, which is the same as no brief at all. *Evans* v. *Anderson*, 214 *Ga.* 828 (108 S. E. 2d 268), and cases there cited. In addition, even if we could consider the purported brief of evidence, the page numbers shown in the motion for

a new trial do not correspond with the page numbers shown in the purported brief of evidence, and counsel have made no effort to correct this situation by showing the proper page numbers in their brief. Accordingly, grounds 1 through 36 of the amended motion for a new trial cannot be intelligently considered with or without reference to the purported brief of evidence, and therefore no question for determination by this court is presented in these grounds.

2. The Code, by § 38-1802, provides that a witness may be impeached by disproving the facts testified to by him, and by § 38-1803 that a witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony, and by § 38-1804 that a witness may be impeached by evidence as to his general bad character; and, since ground 37 of the amended motion for new trial complains that the court erred in charging the jury the provisions of law with respect to impeachment of a witness, which of necessity would require a consideration of the evidence to determine whether or not the trial judge committed error in charging "that is the only one applicable in this case," and there is no proper brief of evidence for this court to consider, we cannot determine whether the provision of any of such Code sections is applicable in this case, and therefore cannot pass on this ground.

3. Ground 38 of the amended motion for new trial complains because the trial judge instructed the jury that the legal technicalities of the execution of the will were not involved, on the ground that this was misleading to the jury, since no point was made about the execution of the will, and in further charging in the same connection that "only the three questions of whether there was undue influence exercised, under these rules and under the evidence, and whether the testator had the mental capacity to make a will," since only two questions, undue influence and mental capacity, were involved. Undoubtedly the use of the word "three," instead of "two," was a slip of the tongue, and the jury could not have been misled as to the issues involved. The judge specifically charged that whether or not the will was properly executed was not involved, which counsel concede in their brief was correct, though they contend it was surplusage and misleading to the jury, and the trial judge went on to instruct the jury that undue influence and mental capacity

were involved, and were questions for them to decide. Furthermore, he charged in detail on mental capacity and undue influence, and there are no exceptions to these charges as given. "A verbal inaccuracy in a charge, resulting from a palpable 'slip of the tongue,' and which clearly could not have misled the jury, is not cause for a new trial." *Turner* v. *Elliott*, 127 *Ga.* 338 (4) (56 S. E. 434). See also *Harris* v. *State*, 191 *Ga.* 243 (18) (12 S. E. 2d 64); *Siegel* v. *State*, 206 *Ga.* 252 (2) (56 S. E. 2d 512), and *Riddle* v. *Sheppard*, 119 *Ga.* 930 (3) (47 S. E. 201).

4. Ground 39 complains that the court erred in charging the jury as follows: "The law, in fixing the standard of legal capacity, has taken a low standard of capacity." It is contended that this charge was erroneous, injurious, argumentative, and confusing, in that it left the jury in doubt as to what the court meant by "low standard of capacity," without giving any concise, direct statement as to what this term would mean in law, and left the jury to speculate, without defining or giving some rule or yardstick by which they might measure the "low standard of capacity." This quoted sentence of the charge has been lifted out of context. We deem it sufficient to quote the following portion of the charge, in order to demonstrate clearly that the jury could not have been left in doubt as to what the court meant: "I charge you that the testator of a will may be irrational at several specified times suffering delirium or from other causes. However, if at the time of the execution of the will he was rational and mentally normal, and his will as to the disposition of his property was clear and distinct, you would be authorized to find that at the time the will was executed the testator was competent to effect the disposition of his property, and I further charge you that it does not require a high degree of mental power to make a will. One who has enough mind and reason to a clear and full understanding of the nature and consequences of his act in making his will is to be considered sane. The law, in fixing the standard of legal capacity, has taken a low standard of capacity." In *Beman* v. *Stembridge*, 211 *Ga.* 274, 282 (85 S. E. 2d 434), this court said: "The weak have the same rights as the strong-minded to dispose of their property by will, and anything less than a total absence of mind does not destroy that capacity. If the testator has sufficient intellect to enable him to have a

rational desire as to the disposition of his property, this is sufficient. And the condition of the testator's mind at the time of the execution of the will determines whether he can make a valid will. *Griffin* v. *Barrett,* 183 *Ga.* 152, 164 (187 S. E. 828)." See also Code § 113-205. Accordingly, this ground has no merit.

5. Ground 40 complains that "the court erred in charging the jury by giving to the jury an argumentative charge, expressly and profoundly stating all legal principles more than one time that would effect and result in favor of propounders and be in disfavor, minimize and detract from the movants' position in the trial court," without pointing out any particular portion or parts of the charge as error. In *McLendon* v. *Frost,* 57 *Ga.* 448 (12), this court held: "When the whole charge of the court is excepted to, the exception will not be sustained unless the whole charge is wrong. If the object be to reach defects or imperfections in particular parts, they must be pointed out." *Cutis* v. *Geiger,* 176 *Ga.* 864 (5) (169 S. E. 127); *Middleton* v. *Waters,* 205 *Ga.* 847 (3) (55 S. E. 2d 359).

6. For the reasons stated above, the judgment of the trial court denying the motion for new trial as amended is

*Affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1959—DECIDED OCTOBER 13, 1959.

*Shirley C. Boykin, D. S. Strickland,* for plaintiffs in error.

*Hicks & Henderson, G. Robert Howard, Otis L. Davis, J. Douglas Henderson, Claud M. Hicks,* contra.