38972. STATE HIGHWAY DEPARTMENT v. WORLEY.
38978. STATE HIGHWAY DEPARTMENT v. MURPHY.

CARLISLE, Presiding Judge. These cases are appeals to a jury in the superior court from the award of the special master in condemnation proceedings brought by the State Highway Department to acquire portions of the condemnees' lands for highway use. The jury in each case returned verdicts awarding sums of money to the condemnees; the State High-

way Department filed its motion for a new trial, which in each case was amended by the addition of special grounds. Those motions were overruled and the exceptions here are to those judgments.

In each case what purports to be a brief of the evidence contains numerous instances of colloquies between court and counsel and counsel and counsel, statements as to stipulated facts, announcements by counsel as to the procedure agreed upon between counsel for proceeding and other immaterial matter, much, but not all of which, has been deleted by being stricken through with a typewriter. The Supreme Court has held in a number of instances that matter which is to be deleted from the record under the provisions of *Code Ann.* § 70-305 must be physically removed from the record and not merely deleted by being stricken through with a pen, pencil or typewriter. This is not a proper practice. See *Williamson v. Yakupian*, 211 Ga. 61 (84 SE2d 15); *Keith v. State*, 213 Ga. 743 (101 SE2d 705); *Evans v. Anderson*, 214 Ga. 828 (108 SE2d 268); and *Moore v. Moore*, 215 Ga. 47, 48 (3) (108 SE2d 704), and cits. Under the rulings announced in the foregoing authorities, the appellate court will not consider any assignment of error which requires reference to the evidence when the evidence is not properly briefed or the stenographic report properly purged of immaterial and irrelevant matter. In these cases it is apparent that no bona fide effort was made to brief the evidence or to delete immaterial and irrelevant matter therefrom, and since a consideration of the evidence is necessary in order to pass upon all of the grounds of the motion for a new trial, both general and special, this court will merely affirm the judgment overruling the motion.

*Judgments affirmed. Nichols and Eberhardt, JJ., concur.*

DECIDED SEPTEMBER 6, 1961.

*Eugene Cook, Attorney-General, E. J. Summerour, Carter Goode, Assistant Attorneys-General, Wright & Reddick, Graydon D. Reddick,* for plaintiff in error.

*Mixon & Forrester, George M. Mixon,* contra.